```
                          United States Bankruptcy Court
                          Western District of Washington
```

Peterson,
     Plaintiff                                     Adv. Proc. No. 14-01387-MLB

Ingels,
     Defendant

## CERTIFICATE OF NOTICE

```
District/off: 0981-2        User: sharona          Page 1 of 1         Date Rcvd: Nov 25, 2014
                            Form ID: pdfltd        Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 27, 2014.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust          +E-mail/Text: USTPREGION18.SE.ECF@USDOJ.GOV Nov 26 2014 00:30:18     United States Trustee,
              700 Stewart St Ste 5103,   Seattle, WA 98101-4438
                                                                                              TOTAL: 1
```

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 27, 2014                                               Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 25, 2014 at the address(es) listed below:
        Jamie J McFarlane    on behalf of Defendant Casey R Ingels jamie@thetracylawgroup.com, thao@thetracylawgroup.com;nancy@thetracylawgroup.com
        John S Peterson    on behalf of Plaintiff John S Peterson kingstontrustee@hotmail.com, jpeterson@ecf.epiqsystems.com
                                                                                                                                  TOTAL: 2

**Below is the Order of the Court.**

_____
**Marc Barreca**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

---

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| In re:<br><br>CASEY R. INGELS,<br><br>          Debtor. | Case No. 14-10421-MLB |
| JOHN S. PETERSON, AS BANKRUPTCY TRUSTEE,<br><br>          Plaintiff,<br><br>   v.<br><br>CASEY R. INGELS,<br><br>          Defendant. | Adversary No. 14-01387-MLB<br><br>**NOTICE OF TRIAL**<br>**AND ORDER SETTING DEADLINES** |

    **1.**    <u>**Trial Setting**</u>. The above-captioned case is set for a one day[1] non-jury trial commencing at **9:30 a.m.** on **April 20, 2015** in the **United States Bankruptcy Court, 700 Stewart Street, Courtroom 7106, Seattle, Washington**.

    **2.**    <u>**Compliance**</u>. Counsel and parties are advised that failure to comply with the procedures and deadlines set forth in this order, including the duty to provide the Court with updated documents as necessary, may result in adverse evidentiary rulings, and/or dismissal of the action. **Trials may be stricken and the case dismissed *with* prejudice or relief entered without further notice, and/or**

---

[1] If counsel anticipates that the trial will take longer than the length of time set forth in this order, counsel must, within ten (10) days of the date of this order, notify the Court and opposing counsel, by letter electronically filed with the Court, of the anticipated length of trial. The Court will then schedule a pretrial conference to facilitate any changes to the length of the trial and schedule, and to discuss any other preliminary matters.

**evidence excluded, for failure to comply with this order.** Counsel (and *pro se* parties) shall advise chambers in writing of any change of address and/or telephone number.

    **3.**    **Pretrial Deadlines.**

    **a. Consent to Trial Conducted by Bankruptcy Judge**.

    1. **Final Adjudication and Consent to Entry of Final Order or Judgment**. Each party shall file a <u>separate document</u> **by December 15, 2014** to be entitled "**Notice Regarding Final Adjudication and Consent**." The Notice Regarding Final Adjudication and Consent <u>shall include</u>:

    a. A repetition of the statements required by Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b), including, but not limited to, whether, if the matter is non-core, the party does or does not consent to entry of final orders or judgment by the bankruptcy judge;

    b. A statement specifying (a) whether the matter is one that, although core, may not be adjudicated without consent to final judgment by a bankruptcy court, and (b) whether such consent is given.

    2. **Order Regarding Final Adjudication.** If the documents filed pursuant to subsection (1) above indicates that there is consent or mutual assertion that the bankruptcy court may enter a final adjudication, the bankruptcy court may, at any time prior to trial, enter an "**Order Regarding Final Adjudication**." If there is not consent or mutual assertion that the bankruptcy court may enter a final adjudication, the bankruptcy court may designate a party to file a motion in accordance Local Bankruptcy Rule 5011-1 for withdrawal of reference.

    **b. Initial Disclosures.** If not already made, all parties shall make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and Federal Rule of Bankruptcy Procedure 7026 by no later than **December 15, 2014.**

    **c. Disclosure of Expert Witnesses.** On or before **January 30, 2015** the plaintiff shall disclose to the defendant, in writing the name of each expert witness he intends to call at trial, including a brief statement of the opinions to be expressed by each expert and the basis and reasons therefore, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, and the qualifications of the expert and the compensation to be paid for the study and testimony. On or before **February 19, 2015** the defendant shall disclose to the plaintiff, in writing the name of each expert witness he intends to call at trial, including a brief statement of the opinions to be expressed by each

expert and the basis and reasons therefor, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, and the qualifications of the expert and the compensation to be paid for the study and testimony.

d. **Business Records.** Any party intending to offer a record into evidence by declaration pursuant to Federal Rules of Evidence 902(11), 902(12), and 803(6) must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection on or before **March 23, 2015.**

e. **Discovery Cutoff.** All discovery shall be completed on or before **March 31, 2015.**

f. **Exhibits.** An identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises – shall be provided to all adverse parties by **April 6, 2015.**

   1. Identification. A number sequence shall be used for all exhibits of all parties, with prefixes indicating the offering party (i.e., P1, P2, P3, etc; D1, D2, D3, etc.).

   2. Format. Exhibits shall be pre-marked in accordance with this order. Any documentary exhibits that can reasonably be submitted on 8-1/2 by 11 inch paper shall be, with text on one side only.

   3. Submission of Exhibits to Court. Parties intending to offer exhibits **shall submit two (2) sets of exhibits in 3-ring binders**, as follows: one (1) original and one (1) copy brought to the Court, 700 Stewart Street, Room 6301, Seattle, Washington. The binders shall include an **index** of the exhibits, and **identifying tabs** using the number sequence as set forth in subsection (1) above. Submissions shall be made by the **close of business on April 15, 2015.**

g. **Non-Expert Witnesses.** The name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises – shall be provided to all adverse parties by **April 6, 2015.**

h. **Interpreters.** A statement identifying the name, address, telephone number and summary of qualifications of any interpreter a party expects to use at trial shall be filed no later than **April 13, 2015.** The statement shall also identify the witness for whom the interpreter is needed and the non-English language to be interpreted.

i. **Trial Briefs.** Plaintiff's trial brief shall be filed no later than **April 13, 2015.** Defendant's trial brief shall be filed no later than **April 13, 2015.** Trial briefs shall include, as an attachment, proposed findings of fact and conclusions of law. All must contain the top notation. *See* Local Rules W.D. Wash. Bankr. 9013-1(d).

j. **Motions *in Limine.*** Motions *in limine* shall be filed no later than **April 13, 2015.**

k. **Pretrial Order.** Counsel shall comply with Local Bankruptcy Rule 7016(b) in the filing of a proposed pretrial order. The pretrial order is due by **April 13, 2015.** If you fail to file the pretrial order by this date, the trial may be stricken.

l. **Dispositive Motions.** Dispositive motions shall be served and the hearing held no later than **March 23, 2015.**

4. **Settlement**. The parties shall promptly notify the Court if the matter is settled**.**

5. **Confirmation**. The plaintiff shall confirm that the trial is going forward not later than **12:00 p.m**. **April 15, 2015** and so advise all parties. **Failure to comply may result in the trial being stricken and the case dismissed *with* prejudice.** Please confirm the trial using the E-Docket Confirmation Process. For information concerning the E-Docket Confirmation Process, please visit the Court's website at http://www.wawb.uscourts.gov. *Pro se* parties may confirm a trial by contacting Chambers, at (206) 370-5310.

6. **Continuances.** Typically continuances are granted only by agreement. A party seeking a continuance must contact Judge Barreca's Courtroom Deputy, Kim Kelley, at (206) 370-5311, for available future trial dates. **It is the parties' responsibility to confer and agree on a future trial date. Until the parties notify Chambers that they have agreed on a future trial date provided by Ms. Kelley, the trial will NOT be continued**, and the parties will be expected to appear for trial as scheduled.

7. **Pretrial Conference**. If you believe a pretrial conference would be beneficial, one will be set upon written request by either party.

///END OF ORDER///