Honorable Marc L. Barreca
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CASEY R. INGELS,<br>                Debtor.<br><br>JOHN S. PETERSON, as Bankruptcy Trustee,<br>                Plaintiff,<br>vs.<br>CASEY R. INGELS,<br>                Defendant. | Case No. 14-10421-MLB<br><br><br><br><br>Adversary No. 14-01387-MLB<br><br>DECLARATION OF CASEY INGELS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Casey Ingels states as follows:

1. I am over the age of eighteen years and I am a citizen of the United States. I am knowledgeable regarding the facts in this Declaration and am competent to testify to the same.

2. My ex-wife, Gwendolyn Ingels, and I were divorced on June 8, 2009. <u>Exhibit A, Decree of Dissolution between Casey Ingels and Gwendolyn J. Ingels.</u> We have two sons together.

DECLARATION OF CASEY INGELS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 1

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 15    Filed 02/18/15    Ent. 02/18/15 15:28:55    Pg. 1 of 14

3. I created the MJ Ray Ingels Irrevocable Trust ("Irrevocable Trust") for the benefit of my sons, and for the purpose of estate planning. <u>Exhibit B, The MJ Ray Ingels Irrevocable Trust.</u>

4. After the divorce, I needed to change my estate planning, as my ex-wife was listed as the sole beneficiary in my previous estate plan.

5. Also, Gwendolyn and I, as part of the Decree of Dissolution, agreed to put our real property into a trust for the benefit of our children.

6. On November 15, 2009, the Irrevocable Trust was created.

7. Tricia Yue was named the initial Trustee of the Irrevocable Trust, and Maxwell Ingels and Jackson Ingels, my sons, were listed as beneficiaries of the Irrevocable Trust.

8. I chose to have Tricia Yue become Trustee of the Irrevocable Trust, based upon my professional relationship with her in the legal field. Her responsibilities included real estate transfers and deeds for several LLC's and properties. Her work was excellent and I trusted her to properly transfer the properties pursuant to the divorce decree and hire a replacement Trustee once the Trust was effectively established. I initially met her when she was working as a paralegal for Jack Connelly at the Law Offices of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, where I was also an attorney. My relationship with Ms. Yue has been on a purely professional basis.

9. The Grantor of the Irrevocable Trust, myself, declared pursuant to the Irrevocable Trust language that the Irrevocable Trust cannot be revoked at any time by the Grantor. <u>Exhibit B, Irrevocable Trust.</u>.

DECLARATION OF CASEY INGELS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 2

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 15    Filed 02/18/15    Ent. 02/18/15 15:28:55    Pg. 2 of 14

10. I had no previous connection with the James Paulson and Timothy Ann Ryerson, KFA Timothy Ann Pracna, As Successor Trustees of the Living Trust of James R. Paulson and Maryijane L. Paulson ("Note Holders"), prior to the sale of real property located at 9830 Dekoven Drive SW, Lakewood, WA ("Property") to the Irrevocable Trust.

11. The underlying promissory note required interest only payments until the due date of January 1, 2015, leaving the entire principal balance due and payable on January 1, 2015. Exhibit C, Promissory Note provided to the Note Holders.

12. In addition to signing the Promissory Note, I provided a down payment in the amount of $68,000 in exchange for the Noteholders executing the Special Warranty Deed on the Property in favor of the Irrevocable Trust for the benefit of my sons.

13. I received 1099 forms for all payments related to my services performed for MJB Consulting, LLC.

14. I did not list the Property as an asset on Schedule A, Real Property, because it belonged to the Irrevocable Trust, and I was not a beneficiary of the Irrevocable Trust that was created in 2009.

15. The 341 Meeting was held on March 11, 2014. I answered the Trustee's questions truthfully and to the best of my ability.

16. The Trustee asked me whether any assets were transferred into the Irrevocable Trust. I said "no." I believed that the Trustee was asking whether I had transferred property of the bankruptcy estate to the Irrevocable Trust. My answer was "no," because I never held title to the Property, and I never transferred any property of the bankruptcy estate to the Irrevocable Trust.

DECLARATION OF CASEY INGELS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 3

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 15    Filed 02/18/15    Ent. 02/18/15 15:28:55    Pg. 3 of 14

17. Continuing on with my hearing, the Trustee then stated that I transferred the Property to the Irrevocable Trust. After hearing this statement by the Trustee, I clarified that I misspoke then as I had a different understanding of the term "asset." I did not believe that the Property was an asset of the Trust based upon the lack of equity available for the Irrevocable Trust.

18. At the time of the bankruptcy filing, the Property had a taxed assessed value of $505,300.00 and an amount owing of at least $612,000.00.

19. Addressing the allegation about a false oath regarding the transfer of the Trust Property to MJB Consluting, LLC, six months after the Meeting of Creditors, I learned that the Property had been transferred via a Quitclaim Deed from the Irrevocable Trust to MJB Consulting, LLC, on September 4, 2013.

20. Throughout the Meeting of Creditors, the Trustee and I found it difficult to communicate with each other. Listening to the recording of that hearing reinforced the impression that I held.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of February 2015.

_____
Casey Ingels

DECLARATION OF CASEY INGELS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 4

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 15    Filed 02/18/15    Ent. 02/18/15 15:28:55    Pg. 4 of 14

**EXHIBIT 'A'**

COPY
ORIGINAL FILED
JUN 0 8 2009
PEGGY A. SEMPRIMOZNIK
LINCOLN COUNTY CLERK

# Superior Court of Washington
# County of

In re the Marriage of:

Casey R. Ingels,

                  Petitioner,

and

Gwendolyn J. Ingels,

                  Respondent.

No. 09-3-00283-0

[X] **Decree of Dissolution (DCD)**
[ ] **Decree of Legal Separation (DCLGSP)**
[ ] **Declaration Concerning Validity (DCINMG) (Marriage)**

[X] Clerk's action required
[ ] Law Enforcement Notification, ¶ 3.8

## I. Judgment/Order Summaries

### 1.1 Restraining Order Summary:

[X] Does not apply.  [ ] Restraining Order Summary is set forth below:

| |
|---|
| Name of person(s) restrained: _____. Name of person(s) protected: _____. See paragraph 3.8. |
| *Violation of a Restraining Order in Paragraph 3.8 Below With Actual Knowledge of its Terms is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest. RCW 26.09.050.* |

### 1.2 Real Property Judgment Summary:

[X] Does not apply.  [ ] Real Property Judgment Summary is set forth below:

| |
|---|
| Assessor's property tax parcel or account number: |
| Or |
| Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state): |
|                                       See Page _____ for full legal description |

### 1.3 Money Judgment Summary:

[X] Does not apply.    [ ] Judgment Summary is set forth below.

A. Judgment creditor               _____
B. Judgment debtor                 _____

| | |
|---|---|
| C. Principal judgment amount | $ _____ |
| D. Interest to date of judgment | $ _____ |
| E. Attorney fees | $ _____ |
| F. Costs | $ _____ |
| G. Other recovery amount | $ _____ |

H. Principal judgment shall bear interest at _____ % per annum
I. Attorney fees, costs and other recovery amounts shall bear interest at _____ % per annum
J. Attorney for judgment creditor  _____
K. Attorney for judgment debtor  _____
L. Other:

## End of Summaries

## II. Basis

Findings of Fact and Conclusions of Law have been entered in this case.

## III. Decree

*It Is Decreed* that:

### 3.1 Status of the Marriage

[X] The marriage of the parties is dissolved.
[ ] The husband and wife are legally separated.
[ ] The marriage of the parties is invalid.
[ ] The marriage of the parties is valid.

### 3.2 Property to be Awarded the Husband

[X] The husband is awarded as his separate property the property set forth in Exhibit __A__. This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ] The husband is awarded as his separate property the property set forth in the separation contract or prenuptial agreement executed by the parties on (date) _____. The separation contract or prenuptial agreement is incorporated by reference as part of this Decree. The prenuptial agreement or, pursuant to RCW 26.09.070(5), the separation contract [ ] is [ ] is not filed with the court.

[ ] The husband is awarded as his separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

[ ] Other:

### 3.3 Property to be Awarded to the Wife

[X] The wife is awarded as her separate property the property set forth in Exhibit __A__. This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ] The wife is awarded as her separate property the property set forth in the separation contract or prenuptial agreement referenced above.

[ ] The wife is awarded as her separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

[ ] Other:

## 3.4 Liabilities to be Paid by the Husband

[ ] Does not apply.
[ ] The husband shall pay the community or separate liabilities set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ] The husband shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.
[ ] The husband shall pay the following community or separate liabilities:

<u>Creditor</u>                                              <u>Amount</u>

[ ] Other:

Unless otherwise provided herein, the husband shall pay all liabilities incurred by him since the date of separation.

## 3.5 Liabilities to be Paid by the Wife

[ ] Does not apply.
[ ] The wife shall pay the community or separate liabilities set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ] The wife shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.
[ ] The wife shall pay the following community or separate liabilities:

<u>Creditor</u>                                              <u>Amount</u>

[ ]     Other:


Unless otherwise provided herein, the wife shall pay all liabilities incurred by her since the date of separation.

## 3.6 Hold Harmless Provision

[X]     Each party shall hold the other party harmless from any collection action relating to separate or community liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.
[ ]     Other:

## 3.7 Maintenance

[X]     Does not apply.
[ ]     The [ ] husband [ ] wife shall pay maintenance as set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.
[ ]     Maintenance shall be paid as set forth in the separation contract or prenuptial agreement referenced above.
[ ]     The [ ] husband [ ] wife shall pay $ _____ maintenance. Maintenance shall be paid [ ] weekly [ ] semi-monthly [ ] monthly.
        The first maintenance payment shall be due on (date) _____.

The obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance unless otherwise specified below:


Payments shall be made:

    [ ]     directly to the other spouse.
    [ ]     to the Washington State Child Support Registry (only available if child support is ordered).
    [ ]     to the clerk of this court as trustee for remittance to the other spouse (only available if there are no dependent children).

[ ] If a maintenance payment is more than 15 days past due and the total of such past due payments is equal to or greater than $100, or if the obligor requests a withdrawal of accumulated contributions from the Department of Retirement Systems, the obligee may seek a mandatory benefits assignment order under Chapter 41.50 RCW without prior notice to the obligor.
[ ] The Department of Retirement Systems may make a direct payment of all or part of a withdrawal of accumulated contributions pursuant to RCW 41.50.550(3).
[ ] Other:

### 3.8 Continuing Restraining Order

[X] Does not apply.
[ ] A continuing restraining order is entered as follows:

   [ ] The [ ] husband [ ] wife is restrained and enjoined from disturbing the peace of the other party.
   [ ] The [ ] husband [ ] wife is restrained and enjoined from going onto the grounds of or entering the home, work place or school of the other party, or the day care or school of the following named children: _____
   _____.
   [ ] The [ ] husband [ ] wife is restrained and enjoined from knowingly coming within or knowingly remaining within (distance) _____ of the home, work place or school of the other party, or the day care or school of these children: _____.
   other: _____.

   [ ] (Name) _____ is restrained and enjoined from molesting, assaulting, harassing, or stalking (name) _____.
   (The following firearm restrictions apply if this box is checked: Effective immediately and continuing as long as this continuing restraining order is in effect, the restrained person may not possess a firearm or ammunition. 18 U.S.C. § 922(g)(8). A violation of this federal firearms law carries a maximum possible penalty of 10 years in prison and a $250,000 fine. An exception exists for law enforcement officers and military personnel when carrying department/government-issue firearms. 18 U.S.C. § 925(a)(1).)
   [ ] Other:

**Violation of a Restraining Order in Paragraph 3.8 With Actual Knowledge of its Terms Is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest. RCW 26.09.060.**

[ ] **Clerk's Action.** The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency which shall enter this order into any computer-based criminal intelligence system available in this state used by law enforcement agencies to list outstanding warrants. (**A law enforcement information sheet must be completed by the party or the party's attorney and provided with this order before this**

> order will be entered into the law enforcement computer system.)
>
> **Service**
>
> [ ] The restrained party or attorney appeared in court or signed this order; service of this order is not required.
>
> [ ] The restrained party or attorney did not appear in court; service of this order is required. The protected party must arrange for service of this order on the restrained party. File the original Return of Service with the clerk and provide a copy to the law enforcement agency listed above.
>
> **Expiration**
>
> This restraining order expires on: (month/day/year) _____.
> This restraining order supersedes all previous temporary restraining orders in this cause number.
>
> [ ] Any temporary restraining order signed by the court in this cause number is terminated. **Clerk's Action.** The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency where **Petitioner** resides which shall enter this order into any computer-based criminal intelligence system available in this state used by law enforcement agencies to list outstanding warrants.
>
> **Full Faith and Credit**
>
> Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States shall accord full faith and credit to the order.

### 3.9 Protection Order

[X] Does not apply.
[ ] The parties shall comply with the [ ] domestic violence [ ] antiharassment Order for Protection signed by the court on this date or dated _____, in this cause number. The Order for Protection signed by the court is approved and incorporated as part of this decree.

### 3.10 Jurisdiction Over the Children

[ ] Does not apply because there are no dependent children.
[X] The court has jurisdiction over the children as set forth in the Findings of Fact and Conclusions of Law.

### 3.11 Parenting Plan

[ ] Does not apply.
[X] The parties shall comply with the Parenting Plan signed by the court on this date or dated _____. The Parenting Plan signed by the court is approved and incorporated as part of this decree.

### 3.12 Child Support

*Decree (DCD) (DCLGSP) (DCINMG) - Page 6 of 8*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

[X]   Does not apply.
[ ]   Child support shall be paid in accordance with the Order of Child Support signed by the court on this date or dated _____. This order is incorporated as part of this decree.

### 3.13 Attorney Fees, Other Professional Fees and Costs

[X]   Does not apply.
[ ]   Attorney fees, other professional fees and costs shall be paid as set forth in the separation contract or prenuptial agreement referenced above.
[ ]   Attorney fees, other professional fees and costs shall be paid as follows:

### 3.14 Name Changes

[ ]   Does not apply.
[X]   The wife's name shall be changed to
      (first, middle, last name) _Gwendolyn J. McMurtrey_.
[ ]   The husband's name shall be changed to
      (first, middle, last name) _____.

### 3.15 Other

Dated: JUN 0 8 2009

JOHN F. STROHMAIER, JUDGE
_____
Judge/Commissioner

Petitioner or petitioner's lawyer:
A signature below is actual notice of this order.
[X] Presented by:
[ ] Approved for entry:
[ ] Notice for presentation waived:
_[signature]_

Respondent or respondent's lawyer:
A signature below is actual notice of this order.
[ ] Presented by:
[ ] Approved for entry:
[X] Notice for presentation waived:
_[signature]_

Signature of Petitioner or Lawyer/WSBA No.    Signature of Respondent or Lawyer/WSBA No.

_Casey R. Ingels_                             _Gwendolyn J. Ingels_
Print or Type Name           Date             Print or Type Name           Date

EXHIBIT A
INGELS REAL PROPERTY

**Real Property:**

1225 Yakima Avenue
17011 S Vaughn
Fairway Terrace #13
Fairway Terrace #14
Granville Condo
Interlaaken #11
Portofino
Solstice #2014

The parties have jointly agreed to put the real properties listed above into a trust for the benefit of the children. The properties shall be transferred into the trust within 3 years from the date of the final decree.

**Husband's Separate Property:**
His clothes
Furniture in the Granville Condo
ATV's

**Wife's Separate Property**
Her clothes
Furniture in the 1225 Yakima house