UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re | Case No.  14-10421-MLB |
| CASEY R. INGELS,<br><br>Debtor. | |
| JOHN S. PETERSON, as Bankruptcy Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY R. INGELS,<br><br>Defendant. | Adversary No.  14-01387-MLB<br><br>DECLARATION OF TRICIA YUE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Tricia Yue states as follows:

1.      I am over the age of eighteen years and I am a citizen of the United States.   I am knowledgeable regarding the facts in this Declaration and am competent to testify to the same.

2.      Pursuant to the Divorce Decree entered June 8, 2009 regarding Casey R. Ingels and Gwendolyn J. Ingels Exhibit A to the Divorce Decree, Ingels Real Property,

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 phone / 206-624-8598 fax

certain common properties were to be put into trust for the benefit of the Ingels' children. See Exhibit 'A', Divorce Decree between Casey R. Ingels and Gwendolyn J. Ingels.

3.     I agreed to be the initial Trustee for the MJ Ray Ingels Irrevocable Trust ("Trust") to help administer and organize the Trust. See Exhibit 'B' MJ Ray Ingels Irrevocable Trust. It was my intention to hire a new professional Trustee for the Irrevocable Trust once all of the properties were transferred and the cash flow collected from the properties would be able to effectively fund a new Trustee.

4.     It was my understanding that Mr. and Mrs. Ingels had planned to purchase additional properties that would be included in the Trust and funded by the proceeds of real property that was transferred into the Trust.

5.     It was my understanding that the overall goal was to have the real property listed in the Divorce Decree and its proceeds managed by a third party for the benefit of the Ingels' two boys. It was my understanding that additional properties would be added and funded by the Trust, such as the property located at 9830 Dekoven Drive SW ("Property"), however, due to the acrimony and difficulty of the divorce, neither Mr. or Mrs. Ingels agreed on a transfer of common real property in a uniform manner.

6.     The property located at 9830 Dekoven Drive SW closed on December 3, 2009, and was purchased from the James Paulson and Timothy Ann Ryerson, KFA Timothy Ann Pracna, As Successor Trustees of the Living Trust of James R. Paulson and Maryijane L. Paulson ("Note Holders"), Dated December 22, 1989.

DECLARATION OF TRICIA YUE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 2

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA     Doc 17     Filed 02/18/15     Ent. 02/18/15 15:31:16     Pg. 2 of 60

7.     On December 3, 2009, a Special Warranty Deed was executed, which conveyed the property to TRICIA YUE, TRUSTEE MJ RAY INGELS IRREVOCABLE TRUST for the amount of $680,000.00. See Exhibit 'C' Special Warranty Deed.

8.     Prior to agreeing to be the Trustee of the MJ Ray Ingels Irrevocable Trust, I had a professional relationship with Mr. Ingels, as we both worked in the legal field. I have not had a personal relationship with Mr. Ingels, and I was initially engaged for a short period of time, however, due to the lack of funding of the MJ Ray Ingels Irrevocable Trust, the funds were never available for me to hire a subsequent Trustee for the Trust.

9.     The Grantor of the MJ Ray Ingels Irrevocable Trust, Casey Ingels, declared pursuant to the Irrevocable Trust language that the Irrevocable Trust cannot be revoked at any time by the Grantor. See Exhibit 'B' MJ Ray Ingels Irrevocable Trust.

10.     In exchange for the Special Warranty Deed on real property located at 9830 Dekoven Dr. SW, Lakewood, Washington, in my capacity as Trustee of the Irrevocable Trust, I executed a Deed of Trust for the Note Holders, securing payment of $612,000.00 with interest due and payable in full on January 1, 2015. See Exhibit 'D' Deed of Trust.

11.     Additionally, I signed the Buyer Settlement Statement and the Purchaser's Instructions for Escrow Payment of Utilities under RCW 60.80 on behalf of the Trust, as Trustee. See Exhibit 'E' Buyer Settlement Statement.

12.     Mr. Ingels did not attend the closing, nor did he sign any of the transfer documents as he did not have any authority to do so as he was not the Trustee of the Trust.

13.     Mr. Ingels did execute a Personal Promissory Note on December 2, 2009, based on his belief that the monthly payments and debt service would be funded by the

DECLARATION OF TRICIA YUE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 3

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 17    Filed 02/18/15    Ent. 02/18/15 15:31:16    Pg. 3 of 60

rental proceeds from the joint properties that were to be transferred into the Trust. Exhibit 'F' Promissory Note.

14.     After the closing of the Property, it is my understanding that Mr. Ingels consistently tried to get his ex-wife to transfer the joint properties into the Trust. Mr. Ingels could not get his ex-wife to transfer the properties, and he was not paid any rental proceeds from the common properties, and they could not agree on any issue with respect to the common properties in the Divorce Decree.

15.     Communication with Mr. Ingels was sporadic through 2009, 2010 and 2011. I would occasionally inquire about the status of the commonly owned properties and the funding of the Trust with the commonly owned properties, and Mr. Ingels would lament about his ex-wife's unwillingness to follow the Divorce Decree.

16.     I would remind Mr. Ingels that the properties listed in the Divorce Decree needed to be transferred and the Trust funded from the rents so I could hire a subsequent Trustee of the Trust. Mr. Ingels conveyed to me that he could not afford the Property if the Trust was not funded with rents from the real property listed in the Divorce Decree, and he had concerns about his ability to continue to pay the Promissory Note and the high interest rate that was required. At some point in 2011, my communication with Mr. Ingels stopped, and I became aware that Ms. Kathryn Hanson was living at the Property and making the interest-only payments. My understanding was that Mr. Ingels could no longer afford to make the payments as the MJ Ray Ingels Irrevocable Trust was did not have the cash flow from the properties listed in the Divorce Decree. I transferred the utilities on the property

DECLARATION OF TRICIA YUE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 4

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA     Doc 17     Filed 02/18/15     Ent. 02/18/15 15:31:16     Pg. 4 of 60

out of the Trust name into Ms. Hanson's personal name as she was occupying the premises and making the note payment.

17.    It was my understanding, from talking to Ms. Hanson, that she would be making the payments on the Property to help Mr. Ingels as he could not afford the payments, and she would assume the Note as long as Mr. Ingels could change the note to her.

18.    It is my understanding that Mr. Ingels started this process, but never completed the Note renegotiation as the Note was due on January 1, 2015, despite his assurance that he would get it completed for Ms. Hanson.

19.    It is my understanding that in September of 2013, Ms. Hanson filed a Quitclaim Deed of the Property to the MJ Ray Ingels Irrevocable Trust, because she was unsure of the status of the Property, despite the fact that she was making the payments. I assented to this due to the lack of cash flow available from the MJ Ray Ingels Irrevocable Trust and the lack of communication regarding the status of the property from Mr. Ingels. See Exhibit 'G', Quitclaim Deed.  Mr. Ingels was not involved, and I did not communicate with him regarding the status of the Property at that time.  I assumed the underlying Promissory Note had been renegotiated.

20.    Sometime after this transfer, I talked to Ms. Hanson who had informed me that she was no longer interested in the Property, as the Note had not been renegotiated by Mr. Ingels, there was no equity in the property despite her making the interest-only payment for years, and she was going to Quitclaim Deed the property back to the MJ Ray Ingels Irrevocable Trust due to the risk of any liability on the Property and the due date of the

DECLARATION OF TRICIA YUE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 5

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Promissory Note quickly approaching. It is my understanding that Ms. Hanson planned on moving out of the premises, because she spent most of her time in Idaho.

21.     On January 1, 2015, the Promissory Note became due on the Property. I was contacted by Mr. Ingels, who said the Trust had no way to pay the balloon amount due on January 1, 2015.

22.     On December 18, 2014 due to the default and to prevent further liability to the Trust, I executed a Quitclaim Deed transferring the property to the James Paulson and Timothy Ann Ryerson, KFA Timothy Ann Pracna, As Successor Trustees of the Living Trust of James R. Paulson and Maryijane L. Paulson, Dated December 22, 1989 and/or Dekoven Investments, LLC, the holders of the Note. See Exhibit 'H' Quitclaim Deed.

23.     I delivered said Quitclaim Deed to Mr. James Dart for delivery to the Note Holders' Counsel, Mr. Don Anderson.

24.     I asked Mr. Ingels to contact the Paulson family, and let them know the status of the property. I asked Mr. Ingels to secure the property in order prevent damage to the property until the Paulson family could retake possession of the property.

25.     On February 5, 2015 pursuant to a request from Mr. Don Anderson, Note Holders' Counsel, I executed a Deed in Lieu of Foreclosure and delivered the executed Deed to Mr. Dart. See Exhibit 'I' Deed in Lieu of Foreclosure.

26.     In my opinion, the whole problem regarding the MJ Ray Ingels Irrevocable Trust was the lack of transfer of the properties as required by the Divorce Decree, forcing the Property at 9830 Dekoven Drive to become an instant liability for the Trust as there was

DECLARATION OF TRICIA YUE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 6

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 17    Filed 02/18/15    Ent. 02/18/15 15:31:16    Pg. 6 of 60

no way to meet the monthly obligations, other than to find someone else to fund its

obligations for a period of time.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this _12th_ day of February 2015.

_Tricia Yue_ (signature)

Tricia Yue

DECLARATION OF TRICIA YUE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 7

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

# EXHIBIT A

COPY
ORIGINAL FILED

JUN 08 2009

PEGGY A. SEMPRIMOZNIK
LINCOLN COUNTY CLERK

## Superior Court of Washington
## County of

| | |
|---|---|
| In re the Marriage of:<br><br>Casey R. Ingels,<br><br>                  Petitioner,<br><br>and<br><br>Gwendolyn J. Ingels,<br><br>                  Respondent. | No. 09-3-00283-0<br><br>[X] **Decree of Dissolution (DCD)**<br>[ ] **Decree of Legal Separation (DCLGSP)**<br>[ ] **Declaration Concerning Validity (DCINMG) (Marriage)**<br><br>[X] **Clerk's action required**<br>[ ] **Law Enforcement Notification, ¶ 3.8** |

### I. Judgment/Order Summaries

**1.1 Restraining Order Summary:**

    [X] Does not apply.  [ ] Restraining Order Summary is set forth below:

| |
|---|
| Name of person(s) restrained: _____. Name of person(s) protected:_____. **See paragraph 3.8.** |

| |
|---|
| *Violation of a Restraining Order in Paragraph 3.8 Below With Actual Knowledge of its Terms is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest.  RCW 26.09.050.* |

**1.2 Real Property Judgment Summary:**

    [X] Does not apply.  [ ] Real Property Judgment Summary is set forth below:

| |
|---|
| Assessor's property tax parcel or account number: |
| Or |
| Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state): |
| |
| See Page _____ for full legal description |

**1.3 Money Judgment Summary:**

    [X] Does not apply.    [ ]    Judgment Summary is set forth below:

    A. Judgment creditor    _____

    B. Judgment debtor     _____

*Decree (DCD) (DCLGSP) (DCINMG) - Page 1 of 8*
*WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)*

COPY

C. Principal judgment amount $ _____
D. Interest to date of judgment $ _____
E. Attorney fees $ _____
F. Costs $ _____
G. Other recovery amount $ _____
H. Principal judgment shall bear interest at _____ % per annum
I. Attorney fees, costs and other recovery amounts shall bear interest at _____ % per annum
J. Attorney for judgment creditor _____
K. Attorney for judgment debtor _____
L. Other:

*End of Summaries*

## II. Basis

Findings of Fact and Conclusions of Law have been entered in this case.

## III. Decree

**It Is Decreed** that:

### 3.1 Status of the Marriage

[X] The marriage of the parties is dissolved.
[ ] The husband and wife are legally separated.
[ ] The marriage of the parties is invalid.
[ ] The marriage of the parties is valid.

### 3.2 Property to be Awarded the Husband

[X] The husband is awarded as his separate property the property set forth in Exhibit *A* .
This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ] The husband is awarded as his separate property the property set forth in the separation contract or prenuptial agreement executed by the parties on (date) _____.
The separation contract or prenuptial agreement is incorporated by reference as part of this Decree. The prenuptial agreement or, pursuant to RCW 26.09.070(5), the separation contract [ ] is [ ] is not filed with the court.

[ ] The husband is awarded as his separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

[ ] Other:

### 3.3 Property to be Awarded to the Wife

[X] The wife is awarded as her separate property the property set forth in Exhibit *A* . This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ] The wife is awarded as her separate property the property set forth in the separation contract or prenuptial agreement referenced above.

Decree (DCD) (DCLGSP) (DCINMG) - Page 2 of 8
WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)

[ ]     The wife is awarded as her separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

[ ]     Other:

### 3.4   Liabilities to be Paid by the Husband

[ ]     Does not apply.

[ . ]     The husband shall pay the community or separate liabilities set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ]     The husband shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.

[ ]     The husband shall pay the following community or separate liabilities:

| Creditor | Amount |
|---|---|
| | |

[ ]     Other:

Unless otherwise provided herein, the husband shall pay all liabilities incurred by him since the date of separation.

### 3.5   Liabilities to be Paid by the Wife

[ ]     Does not apply.

[ . ]     The wife shall pay the community or separate liabilities set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ]     The wife shall pay the community or separate liabilities as set forth in the separation contract or prenuptial agreement referenced above.

[ ]     The wife shall pay the following community or separate liabilities:

| Creditor | Amount |
|---|---|
| | |

[ ]    Other:

Unless otherwise provided herein, the wife shall pay all liabilities incurred by her since the date of separation.

### 3.6 Hold Harmless Provision

[X]    Each party shall hold the other party harmless from any collection action relating to separate or community liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.

[ ]    Other:

### 3.7 Maintenance

[X]    Does not apply.

[ ]    The [ ] husband [ ] wife shall pay maintenance as set forth in Exhibit _____. This exhibit is attached or filed and incorporated by reference as part of this decree.

[ ]    Maintenance shall be paid as set forth in the separation contract or prenuptial agreement referenced above.

[ ]    The [ ] husband [ ] wife shall pay $ _____ maintenance. Maintenance shall be paid [ ] weekly [ ] semi-monthly [ ] monthly.
The first maintenance payment shall be due on (date) _____.

The obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance unless otherwise specified below:

Payments shall be made:

[ ]    directly to the other spouse.

[ ]    to the Washington State Child Support Registry (only available if child support is ordered).

[ ]    to the clerk of this court as trustee for remittance to the other spouse (only available if there are no dependent children).

[ ] If a maintenance payment is more than 15 days past due and the total of such past due payments is equal to or greater than $100, or if the obligor requests a withdrawal of accumulated contributions from the Department of Retirement Systems, the obligee may seek a mandatory benefits assignment order under Chapter 41.50 RCW without prior notice to the obligor.

[ ] The Department of Retirement Systems may make a direct payment of all or part of a withdrawal of accumulated contributions pursuant to RCW 41.50.550(3).

[ ] Other:

---

**3.8    Continuing Restraining Order**

[X]    Does not apply.
[ ]    A continuing restraining order is entered as follows:

    [ ]    The [ ] husband [ ] wife is restrained and enjoined from disturbing the peace of the other party.

    [ ]    The [ ] husband [ ] wife is restrained and enjoined from going onto the grounds of or entering the home, work place or school of the other party, or the day care or school of the following named children: _____
_____

    [ ]    The [ ] husband [ ] wife is restrained and enjoined from knowingly coming within or knowingly remaining within (distance) _____ of the home, work place or school of the other party, or the day care or school of these children: _____
other: _____

    [ ]    (Name) _____ is restrained and enjoined from molesting, assaulting, harassing, or stalking (name) _____
(The following firearm restrictions apply if this box is checked: Effective immediately and continuing as long as this continuing restraining order is in effect, the restrained person may not possess a firearm or ammunition. 18 U.S.C. § 922(g)(8). A violation of this federal firearms law carries a maximum possible penalty of 10 years in prison and a $250,000 fine. An exception exists for law enforcement officers and military personnel when carrying department/government-issue firearms. 18 U.S.C. § 925(a)(1).)

    [ ]    Other:

*Violation of a Restraining Order in Paragraph 3.8 With Actual Knowledge of its Terms Is a Criminal Offense Under Chapter 26.50 RCW and Will Subject the Violator to Arrest. RCW 26.09.060.*

    [ ]    **Clerk's Action.** The clerk of the court shall forward a copy of this order, on or before the next judicial day, to: _____ law enforcement agency which shall enter this order into any computer-based criminal intelligence system available in this state used by law enforcement agencies to list outstanding warrants. (**A law enforcement information sheet must be completed by the party or the party's attorney and provided with this order before this**

---

Decree (DCD) (DCLGSP) (DCINMG) - Page 5 of 8
WPF DR 04.0400 Mandatory (6/2008) - RCW 26.09.030; .040; .070 (3)

Signature of Petitioner or Lawyer/WSBA No.     .

Signature of Respondent or Lawyer/WSBA No.

  Casey R. Ingels
Print or Type Name                        Date

  Gwendolyn J. Ingels
Print or Type Name                        Date

EXHIBIT A
INGELS REAL PROPERTY

**Real Property:**

1225 Yakima Avenue
17011 S Vaughn
Fairway Terrace #13
Fairway Terrace #14
Granville Condo
Interlaaken #11
Portofino
Solstice #2014

The parties have jointly agreed to put the real properties listed above into a trust for the benefit of the children. The properties shall be transferred into the trust within 3 years from the date of the final decree.

**Husband's Separate Property:**
His clothes
Furniture in the Granville Condo
ATV's

**Wife's Separate Property**
Her clothes
Furniture in the 1225 Yakima house

# EXHIBIT B

# THE MJ RAY INGELS FAMILY IRREVOCABLE TRUST

THIS TRUST AGREEMENT is made and entered into on this 15th day of November, 2009, by and between CASEY R. INGELS, as Grantor, and TRICIA YUE, as Trustee, for the benefit of M█████INGELS and J█████INGELS as Beneficiaries (hereinafter called "Beneficiaries")

## ARTICLE I
## Property in Trust

1.    Original Trust Estate, The Grantors hereby assign, transfer and deliver to the Trustee, all of their right, title and interest in and to the property listed on Schedule "A," attached hereto and incorporated by reference herein. All of said property, and any other property transferred to this Trust shall constitute the "Trust Estate."

2.    Future Transfers. Subject to the consent of the Trustee, the Grantors or any other person or persons, may at any time and from time to time transfer and deliver to this Trust, by Deed; Last Will and Testament; or by any other method, any kind of property.

3.    Application of Agreement. All properties transferred and delivered to the Co-Trustees of this Trust shall become part of the trust estate and shall be subject to the terms and conditions of this Agreement.

## ARTICLE II
## Irrevocable Trust

1.    Power to Amend or Revoke. The Grantors declare this Trust cannot be revoked at any time by the Grantor.

## ARTICLE III
## Dispositive Provisions

The Trustee shall hold, administer and distribute the Trust estate as follows:

1.    The Trustee is directed to hold such property constituting the Trust Estate for the use and benefit of the Beneficiaries until the termination of said Trust. Subject to the conditions

Page 1 of 6

and directives herein, the Trustee shall manage the Trust and have discretion to spend Trust funds for the Beneficiaries needs.

2.   So long as the Beneficiaries are alive, the Trustee shall distribute such portions or all of the net income and such portions or all of the principal of this Trust to or for the benefit of the Beneficiaries as the Beneficiaries or either of them may request orally or in writing. If at any time the Trustee deem it advisable not to make payments directly to the Beneficiaries, then the Trustee may apply such portions or all of the net income and such portions or all of the principal as in the judgment of the trustee is necessary and proper for the comfortable support, care, maintenance, health and welfare of the Grantors.  Any income which is not distributed shall be accumulated and added to the principal of this Trust.

## ARTICLE IV
### Powers and Duties of Trustee

1.   In General, The Trustee, including any successor Trustees hereunder, shall have all the rights, powers and duties given by law on the date hereof under the laws of the State of Washington (which laws are hereby incorporated herein by this reference) and all further and broader rights and powers which may hereafter be given to Trustees generally under any subsequent laws except as modified or increased as hereinafter provided.

2.   Mutual Funds and Common Trust Funds. The Trustee may invest and reinvest the trust property in any common trust fund administered by the Trustee. Even though it may cause a duplication of management fees, the Trustee may invest and reinvest the trust property in mutual funds and may transfer the investments and reinvestments among various mutual funds and select payout options and other options offered by those mutual funds as the Trustee deem prudent.

3.   Books and Records. The Trustee shall be relieved from any duty under the laws of the state of Washington to file any documents or other accounting in any Court. However, the Trustee shall keep strict accounting records of the Trust, and Trust principal and income, and shall at all times hold the same open to inspection by the Grantors or their agent.

4.   Management of Real Property. The Trustee shall manage any real property held by the Trust, and shall ensure payment of any mortgages, assessments, taxes, dues, maintenance and the like. Trustee shall also be responsible for management and maintenance of the real property.

5.   Compensation. The Trustee may be paid a fair and just compensation out of the Trust estate for its services. The Trustee shall be reimbursed from the Trust estate or by the

beneficiaries for all of its reasonable expenses including attorneys' fees incurred in bringing or defending any action growing out of the administration of this Trust, whether such action is instituted while this Trust is being administered or after the termination thereof. The Trustee shall act without bond.

6. Deminimus. If at any time the Trustee determines that the value of the Trust under this instrument is Four Hundred Fifty Thousand Dollars ($450,000.00) or less, the Trustee may, in their discretion, distribute the Trust, as then constituted, to the then income beneficiaries.

# ARTICLE V
## Termination of Trust

The Trust shall terminate at the earlier of the following:

1. the distribution, sale, or transfer of all principal and income;

2. the death of either Beneficiary, at which point the remaining principal shall be divided into two shares, with one half to the surviving beneficiary, and the other half transferred to the deceased beneficiary's estate.

# ARTICLE VI
## Trusteeship

In the event that either Trustee is unwilling or unable to act or continue to act as Trustee, a new Trustee shall be appointed to act as sole Trustee. If he/she is unwilling or unable to act as a Trustee, then it is directed that a corporate Trustee with a net worth of at least $25,000,000 is appointed to take the place of the Trustee.

# ARTICLE VII
## Miscellaneous

1. Governing Law. Washington law shall govern the execution and construction of this Trust Agreement, and the place of administration of this Trust shall be in Seattle, Washington. The provisions of this Agreement shall be binding on the parties, their heirs, personal representatives, successors and assigns.

2. Rule Against Perpetuities. The interest of every beneficiary granted to him or her in any trust created under this Agreement shall vest, anything else in his Agreement to the contrary notwithstanding, within twenty-one (21) years after the death of the last survivor of the

---

beneficiaries of any trust created under this Agreement who are in being at the time of the respective Grantor's death.

3. Distribution to persons Under Eighteen (18) Years. If at any time any person to whom the Trustee is directed or authorized in any trust created under this agreement to pay any income or principal is under eighteen (18) years of age, or under a legal disability, or is, in the Trustee's discretion, incapable of properly managing his or her affairs, he Trustee may, in the Trustee's discretion, pay the same or any part thereof to such person or to his or her guardian or parent or to any person with whom he or she is residing, without responsibility for its expenditure.

4. Captions. The captions are inserted for convenience only. They are neither part of this Trust nor a limitation of the scope of any particular paragraph to which each refers.

IN WITNESS WHEREOF, the Grantors have hereunto set their hands, and the Trustee has caused this instrument to be duly executed, on the day, month and year first-above written.

GRANTORS: _____
CASEY R. INGELS

TRUSTEE: _____
TRICIA YUE

Case 14-01387-CMA    Doc 17    Filed 02/18/15    Ent. 02/18/15 15:31:16    Pg. 20 of 60

STATE OF WASHINGTON )
                             ) ss.
COUNTY OF _Pierce_ )

On this day personally appeared before me CASEY R. INGELS to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that s/he signed the same as his or her free and voluntary act and deed for the purposes therein mentioned.

GIVEN under my hand and official seal on this _16th_ day of _November_, 2009.

_____
NOTARY PUBLIC in and for the State of
Washington, residing at _University Place_
Commission Expires _7/10/12_

TRICIA D. YUE
COMMISSION EXPIRES
NOTARY
PUBLIC
07 - 10 - 12
STATE OF WASHINGTON

Page 5 of 6

**EXHIBIT A**

DESCRIPTION:

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake Boulevard contained in the following: Beginning on an extension West of the North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map thereof recorded in Book 4 of Plats at Page 103, records of Pierce County Auditor, where intersected by the Westerly line of Lake Boulevard;

Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning;

Thence East to the True Place of Beginning.
Situate in the City of Lakewood, County of Pierce and State of Washington.


Abbrev. legal:
Ptn of Blk 6, Blk E & Blk A Lake Steilacoom Park (1040)

---

Page 6 of 6

**EXHIBIT C**

**Return Address:**

`

**Document Title(s):** Special Warranty Deed
**Grantor(s):** James Brian Paulson and Timothy Ann Ryerson, KFA Timothy Ann Pracna,
Successor Trustees
**Grantee(s):** Tricia Yue, Trustee, MJ Ray Ingels Family Irrevocable Trust
**Assessor's Tax Parcel Number:** 503000-104-0
**Abbreviated Legal Description:** Ptn of Blk 6, E & Blk A Lake Steilacoom Park (1040)

---

# SPECIAL WARRANTY DEED

THE GRANTORS, JAMES BRIAN PAULSON AND TIMOTHY ANN RYERSON,
KFA TIMOTHY ANN PRACNA, AS SUCCESSOR TRUSTEES OF THE LIVING TRUST OF
JAMES R. PAULSON AND MARIJANE L. PAULSON, DATED DECEMBER 22, 1989 for
and in consideration of TEN DOLLARS ($10.00) and other good and valuable consideration,
hereby grant, bargain, convey and confirm the following described real estate to TRICIA YUE,
TRUSTEE, MJ RAY INGELS FAMILY IRREVOCABLE TRUST, said real estate, located at
9830 DeKoven Drive, Lakewood, Washington 98499 situated in the County of Pierce, State of
Washington, and legally described as follows:

As Set Forth in Exhibit A which is by the reference is made a part thereof.

The Grantors for Grantors and for Grantors' successors in interest do by these presents expressly
limit the covenants of the deed to those herein expressed, and exclude all covenants arising or to
arise by statutory or other implication, and do hereby covenant that against all persons
whomsoever lawfully claiming or to claim by, through or under said Grantor and not otherwise,
and as thus stated will forever warrant and defend the said described real estate.

Dated: 10|2|            , 2009.


_James Brian Paulson successor trustee_
JAMES BRIAN PAULSON AS SUCCESSOR TRUSTEE
OF THE LIVING TRUST OF JAMES R. PAULSON
AND MARIJANE L. PAULSON, DATED
DECEMBER 22, 1989
(James R. Paulson Share)

1

TIMOTHY ANN RYERSON, KFA TIMOTHY ANN
PRACNA, AS SUCCESSOR TRUSTEES OF THE
LIVING TRUST OF JAMES R. PAULSON AND
MARIJANE L. PAULSON, DATED DECEMBER 22, 1989
(Marijane L. Paulson Share)


STATE OF WASHINGTON    )
                       ) ss.
COUNTY OF KING         )

On this day personally appeared before me JAMES BRIAN PAULSON AS SUCCESSOR TRUSTEE OF THE LIVING TRUST OF JAMES R. PAULSON AND MARIJANE L. PAULSON, DATED DECEMBER 22, 1989 (James R. Paulson Share), the person who executed the foregoing instrument, acknowledged the said instrument to be of his free and voluntary act as successor trustee, for the uses and purposes therein mentioned, and on oath stated that he was authorized to execute the same instrument.

GIVEN under my hand and official seal this ___3rd___ day of __Dec.__, 2009.

_Moira A. Saner_
[print notary's name]
Notary Public in and for the State of Washington
residing at __Tacoma__
My commission expires: __Sept 29, 2010__


STATE OF IDAHO         )
                       ) ss.
COUNTY OF __King__     )

On this day personally appeared before me TIMOTHY ANN RYERSON, KFA TIMOTHY ANN PRACNA, AS SUCCESSOR TRUSTEE OF THE LIVING TRUST OF JAMES R. PAULSON AND MARIJANE L. PAULSON, DATED DECEMBER 22, 1989, (Marijane L.

2

Paulson Share) the person who executed the foregoing instrument, acknowledged the said instrument to be of her free and voluntary act as successor trustee, for the uses and purposes therein mentioned, and on oath stated that she was authorized to execute the same instrument.

GIVEN under my hand and official seal this _____ day of _____, 2009.

_____

_____
[print notary's name]
Notary Public in and for the State of Washington
residing at _____
My commission expires: _____

3

EXHIBIT 'A'

DESCRIPTION:

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake Boulevard contained in the following: Beginning on an extension West of the North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map thereof recorded in Book 4 of Plats at Page 103, records of Pierce County Auditor, where intersected by the Westerly line of Lake Boulevard; Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning; Thence East to the True Place of Beginning.

Situate in the City of Lakewood, County of Pierce and State of Washington.

*Timothy Ann Ryerson FKA Timothy Ann Pracna*

TIMOTHY ANN RYERSON, KFA TIMOTHY ANN
PRACNA, AS SUCCESSOR TRUSTEES OF THE
LIVING TRUST OF JAMES R. PAULSON AND
MARIJANE L. PAULSON, DATED DECEMBER 22, 1989
(Marijane L. Paulson Share)

STATE OF ~~WASHINGTON~~ *Idaho* )
                              ) ss.
COUNTY OF ~~KING~~ *Blaine* )

On this day personally appeared before me JAMES BRIAN PAULSON AS
SUCCESSOR TRUSTEE OF THE LIVING TRUST OF JAMES R. PAULSON AND
MARIJANE L. PAULSON, DATED DECEMBER 22, 1989 (James R. Paulson Share), the
person who executed the foregoing instrument, acknowledged the said instrument to be of his
free and voluntary act as successor trustee, for the uses and purposes therein mentioned, and on
oath stated that he was authorized to execute the same instrument.

GIVEN under my hand and official seal this _____ day of _____, 2009.

_____
[print notary's name]
Notary Public in and for the State of Washington
residing at _____
My commission expires _____

STATE OF IDAHO )
                           ) ss.
COUNTY OF *Blaine* )

On this day personally appeared before me TIMOTHY ANN RYERSON, KFA TIMOTHY
ANN PRACNA, AS SUCCESSOR TRUSTEE OF THE LIVING TRUST OF JAMES R.
PAULSON AND MARIJANE L. PAULSON, DATED DECEMBER 22, 1989, (Marijane L.

Paulson Share) the person who executed the foregoing instrument, acknowledged the said instrument to be of her free and voluntary act as successor trustee, for the uses and purposes therein mentioned, and on oath stated that she was authorized to execute the same instrument.

GIVEN under my hand and official seal this _3rd_ day of _December,_ 2009.

_Vaelene K. Bryant_
[print notary's name]
Notary Public in and for the State of ~~Washington~~ _Idaho_
residing at _Hailey, ID_
My commission expires: _05/29/2015_

# EXHIBIT D

When recorded return to:


# DEED OF TRUST
## *(For use in the State of Washington only)*


THIS DEED OF TRUST, made this      2ND      day of      DECEMBER 2009
between **TRICIA YUE, TRUSTEE OF THE MJ RAY INGELS FAMILY IRREVOCABLE TRUST,**
as **GRANTOR(S),**
whose address is **P.O. BOX 2242; TACOMA, WA 98401**

and **FIDELITY NATIONAL TITLE**
as **TRUSTEE,**
whose address is **6704 TACOMA MALL BLVD; TACOMA, WA 98409**

and **JAMES BRIAN PAULSON AND TIMOTHY ANN RYERSON K/F/A TIMOTHY ANN PRACNA,
AS SUCCESSOR TRUSTEES OF THE LIVING TRUST OF JAMES R. PAULSON AND MARIJANE L.
PAULSON, DATED DECEMBER 22, 1989**
as **BENEFICIARY,**
whose address is **8800 NE 176TH STREET; BOTHELL, WA 98011**


WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the
following described real property in PIERCE County, Washington:

**SEE ATTACHED EXHIBIT "A"**




**Abbreviated Legal:  PTN OF BLK 6, BLK E & BLK A LAKE STEILACOOM PARK (1040)**


**Tax Parcel Number(s): 5030001040**


which real property is not used principally for agricultural or farming purposes, together with all the tenements,
hereditaments, and appurtenances now or hereafter thereunto belonging or in any wise appertaining, and the
rents, issues, and profits thereof.

Case 14-01387-CMA    Doc 17    Filed 02/18/15    Ent. 02/18/15 15:31:16    Pg. 31 of 60

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of **SIX HUNDRED TWELVE THOUSAND AND 0/100 Dollars ($612,000.00)** with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by Grantor(s), and all renewals, modifications, and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of Grantor(s)' successors or assigns, together with interest thereon at such rate as shall be agreed upon.

**DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on JANUARY 1, 2015.**

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1.  To keep the property in good condition and repair; to permit no waste thereof; to complete any building, structure, or improvement being built or about to be built thereon; to restore promptly any building, structure, or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2.  To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3.  To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor(s). The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4.  To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5.  To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.

6.  Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

7.  DUE ON SALE: (OPTIONAL – *Not applicable unless initialed by Grantor and Beneficiary.*)   The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_____ , Trustee
Grantor initials

_____ , Successor trustee
Beneficiary initials

LPB 22A-05(r)
Page 2 of 5

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of **SIX HUNDRED TWELVE THOUSAND AND 0/100 Dollars ($612,000.00)** with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by Grantor(s), and all renewals, modifications, and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of Grantor(s)' successors or assigns, together with interest thereon at such rate as shall be agreed upon.

**DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on JANUARY 1, 2015.**

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1.  To keep the property in good condition and repair; to permit no waste thereof; to complete any building, structure, or improvement being built or about to be built thereon; to restore promptly any building, structure, or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2.  To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3.  To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor(s). The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4.  To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5.  To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.

6.  Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

7.  DUE ON SALE: (OPTIONAL – *Not applicable unless initialed by Grantor and Beneficiary.*) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

Grantor initials    Beneficiary initials

IT IS MUTUALLY AGREED THAT:

1. In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

2. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

3. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

4. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary subject to any cure period provided in the note secured by this Deed of Trust. . In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

5. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

6. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

7. In the event of the death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

8. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

LPB 22A-05(r)
Page 3 of 5

9. ADDITIONAL TERMS AND CONDITIONS: (check one)

    a.  ( X )  None

    b.  ( )  As set forth on the attached Exhibit _____ which is incorporated by this reference.

(Note: If neither "a" nor "b" is checked, then option "a" applies.)

_Thentue, trustee_
_____
TRICIA YUE, TRUSTEE

STATE OF WASHINGTON
                       ss.
COUNTY OF PIERCE

I certify that I know or have satisfactory evidence that TRICIA YUE (is/are) the person(s) who appeared before me, and said person(s) acknowledged that SHE signed this instrument, on oath stated that SHE IS authorized to execute the instrument and acknowledge it as the TRUSTEE of THE MJ RAY INGELS FAMILY IRREVOCABLE TRUST to be the free and voluntary act of such party(ies) for the uses and purposes mentioned in this instrument.

Dated: 12/4/09

_Donna K Peters_
Notary name printed or typed: Donna K. Peters
Notary Public in and for the State of WA
Residing at Shelton
My appointment expires: 10/8/2012

Notary Public
State of Washington
DONNA K PETERS
My Appointment Expires Oct 3, 2012

LPB 22A-05(r)
Page 4 of 5

# EXHIBIT A

**Legal Description:**

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake
Boulevard contained in the following:  Beginning on an extension West of the
North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map
thereof recorded in Book 4 of Plats at Page 103, records of Pierce
County Auditor, where intersected by the Westerly line of Lake Boulevard;

Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of
said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of
the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet
Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning;

Thence East to the True Place of Beginning.

Situate in the City of Lakewood, County of Pierce and State of Washington.


Abbrev. legal:
Ptn of Blk 6, Blk E & Blk A Lake Steilacoom Park (1040)

REQUEST FOR FULL RECONVEYANCE - *Do not record. To be used only when note has been paid.*

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____     _____

                                        _____

**EXHIBIT E**


## Fidelity National Title

### Buyer
# Settlement Statement
Folder Number: 7101779

---

Settlement Date: 12/04/09                 Estimated

---

Name and Address of Buyer(s):    THE MJ RAY INGELS FAMILY IRREVOCABLE TRUST
P.O. BOX 2242
TACOMA, WA 98401

Name, Address and TIN of Seller(s): LIVING TRUST OF JAMES R. PAULSON AND MARIJANE L. PAULSON
8800 NE 176TH STREET
BOTHELL, WA 98011

Property Location(s):          9830 DEKOVEN DR SW
LAKEWOOD, WA 98499

Settlement Agent:           FIDELITY NATIONAL TITLE INSURANCE COMPANY
6704 TACOMA MALL BLVD
#200TACOMA, WA 98402

| Description | (POC) | Buyer Debit | Buyer Credit |
|---|---|---|---|
| Contract Sales Price | | 680,000.00 | |
| Earnest Money Deposit | | | 6,800.00 |
| NEW LOAN(S) | | | |
| THE LIVING TRUST OF JAMES R. PAULSON AND MARIJANE L. PAULSON | | | 612,000.00 |
| PRORATION(S)/OFFSET(S) | | | |
| County Tax Proration | | 592.74 | |
|     12/04/09 to 01/01/10 (28 days) @ 21.169426/day | | | |
| PER DIEM INT/12-4 TO 1-1-2010 | | 3,400.48 | |
|     12/04/09 to 01/01/10 @ 121.445807/day | | | |
| ITEMS PAID IN ADVANCE | | | |
| Haz Ins Premium 1 Year | | 1,852.96 | |
|     to FARMERS INSURANCE GROUP | | | |
| TITLE CHARGES | | | |
| Residential Resale | | 956.38 | |
|     Sales Tax          $81.38 | | | |
|     to FIDELITY NATIONAL TITLE INSURANCE COMPANY | | | |
| Title Insurance | | | |
| Lenders Ext. Simultaneous w/Escrow | | 245.93 | |
|     Premium       $225.00 | | | |
|     Tax           $20.93 | | | |
|     to FIDELITY NATIONAL TITLE | | | |
| Escrow Fees - DOCUMENT PREPARATION | | 81.98 | |
|     Sales Tax         $6.98 | | | |
|     to FIDELITY NATIONAL TITLE INSURANCE COMPANY | | | |
| GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| Recording Fee | | | |
| Deed | | 147.00 | |
| | | | |
| Due From Buyer | | 687,277.47 | |
| | | | |
| Total Paid By/For Buyer | | | 618,800.00 |

Due From Buyer .................................. 687,277.47
Total Paid By/For Buyer .................. 618,800.00
Net Due From Buyer .......................... 68,477.47

---

THE MJ RAY INGELS FAMILY IRREVOCABLE TRUST

_Tricia Yue, trustee_

TRICIA YUE, TRUSTEE

Case 14-01387-CMA    Doc 17    Filed 02/18/15    Ent. 02/18/15 15:31:16    Pg. 39 of 60

**EXHIBIT F**

# PROMISSORY NOTE

$612,000.00                                   DECEMBER 2, 2009

TACOMA, WA

FOR VALUE RECEIVED, CASEY R. INGELS, A SINGLE PERSON
hereinafter "Maker" promises to pay to JAMES BRIAN PAULSON AND TIMOTHY ANN RYERSON K/F/A
TIMOTHY ANN PRACNA, AS SUCCESSOR TRUSTEES OF THE LIVING TRUST OF JAMES R.
PAULSON AND MARIJANE L. PAULSON, DATED DECEMBER 22, 1989
hereinafter "Holder" or order at _____

_____,

or other such place as may be designated by the Holder from time to time, the principal sum of **SIX HUNDRED
TWELVE THOUSAND AND 0/100 Dollars ($612,000.00)**, with interest thereon from day of closing ,

on the unpaid principal at the rate of seven and 38/100 percent (7.38%) per annum as follows:

1.  INSTALLMENT PAYMENTS: Maker shall pay,   (check one)

    a.  ( ) NO INSTALLMENTS. No installment payments are required.

    b.  ( ) PRINCIPAL and INTEREST INSTALLMENTS of _____

        _____ Dollars ($_____).

    c.  ( X ) INTEREST ONLY PAYMENTS on the outstanding principal balance in the amount of $3764.82

        (The following must be completed if "b" or "c" is checked)

    The installment payments shall begin on the 1st day of FEBRUARY 1ST, 2010,

    and shall continue on the 1ST day of each succeeding:   (check one)

    ( X )    calendar month    ( ) third calendar month   ( ) sixth calendar month    ( ) twelfth calendar
    month

    ( ) Other:_____

2.  DUE DATE: The entire balance of this Note together with any and all interest accrued thereon shall be
    due and payable in full on 1ST day of JANUARY 2015.

3. **DEFAULT INTEREST:** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of _____ percent (_____%) per annum (18% if not filled in) OR the maximum rate allowed by law, whichever is less, during such period of Maker's default under this Note.

4. **ALLOCATION OF PAYMENTS:** Each payment shall be credited first to any late charge due, second to interest, and the remainder to principal.

5. **PREPAYMENT:** Maker may prepay all or part of the balance owed under this Note at any time without penalty.

6. **CURRENCY:** All principal and interest payments shall be made in lawful money of the United States.

7. **LATE CHARGE:** If Holder receives any installment payment more than TEN days (10 days if not filled in) after its due date, then a late payment charge of $_____, or FIVE percent (5%) of the installment payment (5% of the installment payment if neither is filled in) shall be added to the scheduled payment.

8. **DUE ON SALE:** (*OPTIONAL*-Not applicable unless initialed by Holder and Maker to this Note) If this Note is secured by a Deed of Trust or any other instrument securing repayment of this Note, the property described in such security instruments may not be sold or transferred without the Holder's consent. Upon breach of this provision, Holder may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law.

_____            _____
Maker (Initials)                                    Holder (Initials)

9. **ACCELERATION:** If Maker fails to make any payment owed under this Note, or if Maker defaults under any Deed of Trust or any other instruments securing repayment of this Note, and such default is not cured within _____ days (30 days if not filled in) after written notice of such default, then Holder may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that Holder may have under the Deed of Trust or other instruments securing repayment of this Note.

10. **ATTORNEYS' FEES AND COSTS:** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought. If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

11. **WAIVER OF PRESENTMENTS:** Maker waives presentment for payment, notice of dishonor, protest and notice of protest.

12. **NON-WAIVER:** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights.

13. **SEVERABILITY:** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect.

14. **INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Maker and Holder.

3. **DEFAULT INTEREST:** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of _____ percent (_____%) per annum (18% if not filled in) OR the maximum rate allowed by law, whichever is less, during such period of Maker's default under this Note.

4. **ALLOCATION OF PAYMENTS:** Each payment shall be credited first to any late charge due, second to interest, and the remainder to principal.

5. **PREPAYMENT:** Maker may prepay all or part of the balance owed under this Note at any time without penalty.

6. **CURRENCY:** All principal and interest payments shall be made in lawful money of the United States.

7. **LATE CHARGE:** If Holder receives any installment payment more than **TEN days (10 days if not filled in)** after its due date, then a late payment charge of $_____, or **FIVE** percent (5%) of the installment payment (5% of the installment payment if neither is filled in) shall be added to the scheduled payment.

8. **DUE ON SALE:** (*OPTIONAL*-Not applicable unless initialed by Holder and Maker to this Note) If this Note is secured by a Deed of Trust or any other instrument securing repayment of this Note, the property described in such security instruments may not be sold or transferred without the Holder's consent. Upon breach of this provision, Holder may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law.

         _____                _____
            Maker (Initials)                    Holder (Initials)

9. **ACCELERATION:** If Maker fails to make any payment owed under this Note, or if Maker defaults under any Deed of Trust or any other instruments securing repayment of this Note, and such default is not cured within _____ days (30 days if not filled in) after written notice of such default, then Holder may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that Holder may have under the Deed of Trust or other instruments securing repayment of this Note.

10. **ATTORNEYS' FEES AND COSTS:** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought. If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

11. **WAIVER OF PRESENTMENTS:** Maker waives presentment for payment, notice of dishonor, protest and notice of protest.

12. **NON-WAIVER:** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights.

13. **SEVERABILITY:** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect.

15. **CONFLICTING TERMS:** In the event of any conflict between the terms of this Note and the terms of any Deed of Trust or other instruments securing payment of this Note, the terms of this Note shall prevail.

16. **EXECUTION:** Each Maker executes this Note as a principal and not as a surety. If there is more than one Maker, each such Maker shall be jointly and severally liable under this Note.

17. **COMMERCIAL PROPERTY:** (*OPTIONAL*-**Not applicable unless initialed by Holder and Maker to this Note**) Maker represents and warrants to Holder that the sums represented by this Note are being used for business, investment or commercial purposes, and not for personal, family or household purposes.

| _____ | _____ |
| Maker (Initials) | Holder (Initials) |

**ORAL AGREEMENTS:** ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, TO EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

18. **DEFINITIONS:** The word Maker shall be construed interchangeably with the words Borrower or Payer and the word Holder shall be construed interchangeably with the words Lender or Payee. In this Note, singular and plural words shall be construed interchangeably as may be appropriate in the context and circumstances to which such words apply.

19. ADDITIONAL TERMS AND CONDITIONS: (check one)

   a.  (  ) NONE

   OR

   b.  (  ) As set forth on the attached "Exhibit A" which is incorporated by this reference.

(Note: If neither a or b is checked, then option "a" applies)

20. **THIS NOTE IS SECURED BY (  ) DEED OF TRUST, (  ) MORTGAGE, (  ) _____ OF EVEN DATE.**

Maker (signatures)

_Casey R. Ingels_ _____

CASEY R. INGELS

Maker's address for all notices given by Holder under this Note: _____

## DO NOT DESTROY THIS NOTE

WHEN PAID this original Note together with the Deed of Trust securing the same, must be surrendered to the Trustee for cancellation and retention before any reconveyance can be processed.

# EXHIBIT G

201309040766  RCAROVA          3 PGS
09/04/2013  04:27:32 PM      $74.00
AUDITOR, Pierce County, WASHINGTON

# QUIT CLAIM DEED

When recorded return to:

Kathryn V. Hanson
P.O. Box 99622
Lakewood, WA

THE GRANTOR(S)

MJ Ray Ingels Irrevocable Trust

for and in consideration of

Ten dollars

in hand paid, conveys and quit claims to

MJB Consulting, LLC

the following described real estate, situated in the County of  Pierce, State of Washington

together with all after acquired title of the grantor(s) herein. As Set Forth in Exhibit A which is by the reference made a part thereof.

Abbreviated Legal:  (Required if full legal not inserted above.) Ptn of Blk 6, E & Blk A Lake Steilacoom Park (1040)

Tax Parcel Number(s): 503000-104-0

                                                                    LPB 12-05(i)rev 12/2006
                                                                    Page 1 of 2

09/04/2013  04:27:32 PM    RCAROVA      4321504  2 PGS
EXCISE COLLECTED: $0.00        PROC FEE: $5.00
AUDITOR
Pierce County, WASHINGTON      TECH FEE: $5.00

For reference only, not for re-sale.

Dated:

_Kathryn V. Hanson_

_Kathryn V. Hanson_

Kathryn V. Hanson, Trustee MJ Ray Ingels
Irrevocable Trust

Kathryn V. Hanson, Member MJB Consulting, LLC

STATE OF Washington

COUNTY OF Pierce

ss.

I certify that I know or have satisfactory evidence that Kathryn V. Hanson, Trustee, MJ Ray Ingels Irrevocable Trust (is/are) and Member of MJB Consulting, LLC the person(s) who appeared before me, and said person(s) acknowledged that signed this instrument and acknowledged it to be free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: 09/04/13

_Elizabeth Morrison_

Notary name printed or typed: Elizabeth Morrison
Notary Public in and for the State of Washington
Residing at Lakewood
My appointment expires: 02/23/17

| Notary Public |
| State of Washington |
| Elizabeth Morrison |
| Commission Expires 02-23-17 |

LPB 12-05(i)rex 12/2000
Page 2 of 2



For reference only, not for re-sale.

EXHIBIT 'A'

DESCRIPTION:

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake Boulevard contained in the following: Beginning on an extension West of the North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map thereof recorded in Book 4 of Plats at Page 103, records of Pierce County Auditor, where intersected by the Westerly line of Lake Boulevard; Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning;  Thence East to the True Place of Beginning.

Situate in the City of Lakewood, County of Pierce and State of Washington.



4

# EXHIBIT H

When recorded return to:

Don Anderson
Eisenhower & Carlson, PLLC
1201 Pacific Avenue, #1200
Tacoma, WA 98402

# QUIT CLAIM DEED

THE GRANTOR(S)

MJ Ray Ingels Irrevocable Trust

for and in consideration of

Ten Dollars

in hand paid, conveys and quit claims to

James Paulson and Timothy Ann Ryerson, KFA Timothy Ann Pracna, Successor Trustees or Dekoven Investments, LLC

the following described real estate, situated in the County of   Pierce,  State of Washington

together with all after acquired title of the grantor(s) herein:  See Exhibit 'A' Attached

Abbreviated Legal: ptn of Blk, 6 E & Blk A Lake Steilacoom Park (1040)

Tax Parcel Number(s): 503000-104-0

Dated: December 18, 2014

_____          _____
MJ Ray Ingels Irrevocable Trust,          Dekoven Investments, LLC
Tricia Yue, Trustee, Grantor


STATE OF  Washington
                                          ss.
COUNTY OF  Pierce

I certify that I know or have satisfactory evidence that   Tricia Yue

(is/are) the person(s) who appeared

before me, and said person(s) acknowledged that    She    signed this instrument and acknowledged it to be

her                         free and voluntary act for the uses and purposes mentioned in this instrument..

Dated:  12/18/14

_____
Notary name printed or typed:
Notary Public in and for the State of
Residing at  Kent, WA
My appointment expires:  1/13/18

TIANNA J H PAK
NOTARY PUBLIC
STATE OF WASHINGTON
Commission Expires 1-13-18

## EXHIBIT 'A'

**DESCRIPTION:**

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake Boulevard contained in the following: Beginning on an extension West of the North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map thereof recorded in Book 4 of Plats at Page 103, records of Pierce County Auditor, where intersected by the Westerly line of Lake Boulevard;

Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning;  Thence East to the True Place of Beginning.

Situate in the City of Lakewood, County of Pierce and State of Washington.

4

**EXHIBIT I**

When recorded, return to:

Donald L. Anderson
Eisenhower & Carlson, PLLC
1201 Pacific Avenue, Suite 1200
Tacoma, WA 98402

| | |
|---|---|
| **REFERENCE NO:** | 200912090468 |
| **GRANTOR:** | The M.J. Ray Ingels Family Irrevocable Trust |
| **GRANTEE:** | DeKoven Investments, LLC |
| **LEGAL DESCRIPTION:** | PTN of Block 6, BLK # & BLK A Lake Steilacoom Park |
| **TAX PARCEL NO.:** | 5030001040 |

## DEED IN LIEU OF FORECLOSURE

The M.J. Ray Ingels Family Irrevocable Trust in good faith and for valuable consideration, transfers, conveys, and warrants to DeKoven Investments, LLC, the following described real property and personal property situated in Pierce County, Washington and any and all improvements and fixtures thereon:

### See attached Exhibit "A"

This Deed in Lieu of Foreclosure is an absolute conveyance and Grantor declares that this conveyance is freely and fairly made, that there are no agreements, oral or written, other than provided in the Estoppel Affidavit of equal date herein and this Deed in Lieu of Foreclosure between Grantor and Grantee, with respect to the conveyance contemplated herein.

Grantor, by tendering this Deed in Lieu of Foreclosure and Grantee, by accepting and recording this Deed in Lieu of Foreclosure, do not intend a merger of the interests under that certain Deed of Trust dated December 4, 2009, and recorded on December 9, 2009, under Pierce County Auditor's File No. 5030001040, and any and all modifications thereto, which was assigned to DeKoven Investments, LLC pursuant to an Assignment of Deed of Trust dated December 22, 2014 and recorded under Pierce County Auditor's File No. 201412241222 ("Deed of Trust") with the fee title herein conveyed, and it is the intention of Grantor and Grantee that the property above-described shall remain subject to the above-referenced Deed of Trust, which lien, in the amount of the outstanding note, shall remain on the subject property.

# ESTOPPEL AFFIDAVIT

THIS ESTOPPEL AFFIDAVIT is made on this 5th day of February, 2015, by The M.J. Ray Ingels Family Irrevocable Trust, hereinafter referred to as "Grantor."

## WITNESSETH

The Grantor is the legal owner of the below described real property and DeKoven Investments, LLC ("Grantee") is the holder of that certain Deed of Trust dated December 4, 2009, duly recorded under Pierce County Auditor's File No. 200912090468 on December 9, 2009, which was assigned to Grantee pursuant to an Assignment of Deed of Trust dated December 22, 2014 and recorded under Pierce County Auditor's File No. 201412241222, and any amendments thereto ("Deed of Trust") describing real property in Pierce County, Washington, to wit:

### See attached Exhibit "A"

The Grantor is the party who made, executed, and delivered to Grantee that certain Deed in Lieu of Foreclosure to Grantee of equal date herewith, conveying the above-described property. Grantor hereby acknowledges, agrees, and certifies that the above-referenced Deed in Lieu of Foreclosure is an absolute conveyance of all the Grantor's right, title, and interest in and to the real estate therein described, together with all buildings thereon and appurtenances thereunto belonging or appertaining, and also a conveyance, transfer, and assignment of the Grantor's right of possession, rentals, and equity of redemption in and to said premises.

Said Deed in Lieu of Foreclosure was given voluntarily by the Grantor to Grantee in good faith on the part of the Grantor and without any fraud, misrepresentation, duress, or undue influence whatsoever, or any misunderstanding on the part of the Grantor or the Grantee, and was not given as a preference against any other creditors of said Grantor. Grantor represent that there are no persons, firms, or corporations other than the undersigned, interested, directly or indirectly, in the above-described property. Said deed of conveyance shall not restrict the right of the Grantee to institute foreclosure proceedings of the above-referenced Deed of Trust, if the Grantee desires, but the conveyance by said Deed shall be and is hereby intended and understood to be an absolute conveyance and unconditional sale with full extinguishment of the Grantor.

This Affidavit is made for the protection and benefit of the aforesaid Grantee in said Deed, its successors and assigns, and all other parties hereafter dealing with or who may acquire an interest in the property described herein, and shall bind the respective heirs, executors, administrators, and assigns of the undersigned.

///

///

///

DATED this _5th_ day of February, 2015.

GRANTOR:

_____

By: Trustee

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF _Pierce_  )

I certify that I know or have satisfactory evidence that _Tricia Yue_ ("Trustee") is the person who appeared before me, and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

DATED this _5th_ day of _February_, 2015.

TIANNA J H PAK
NOTARY PUBLIC
STATE OF WASHINGTON
Commission Expires 1-13-18

_____
NOTARY PUBLIC in and for the state of
_Washington_, residing at _Kent, WA_
My commission expires: _1/13/18_

# EXHIBIT 'A'

## DESCRIPTION:

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake Boulevard contained in the following: Beginning on an extension West of the North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map thereof recorded in Book 4 of Plats at Page 103, records of Pierce County Auditor, where intersected by the Westerly line of Lake Boulevard;

Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning; Thence East to the True Place of Beginning.

Situate in the City of Lakewood, County of Pierce and State of Washington.

**GRANTOR:**

_____
By: Trustee

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF _Pierce_   )

I certify that I know or have satisfactory evidence that _Tricia Yue_ ("Trustee") is the person who appeared before me, and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

DATED this _5th_ day of _February_, 2015.

_____
NOTARY PUBLIC in and for the state of _Washington_, residing at _Kent, WA_
My commission expires: _1/13/18_

TIANNA J H PAK
NOTARY PUBLIC
STATE OF WASHINGTON
Commission Expires 1-13-18

EXHIBIT 'A'

DESCRIPTION:

That part of Block 6, Block E, Block A and the vacated alley and vacated Lake Boulevard contained in the following: Beginning on an extension West of the North line of Lot 1 in Block 7 of LAKE STEILACOOM PARK, PIERCE COUNTY, WASHINGTON, as per map thereof recorded in Book 4 of Plats at Page 103, records of Pierce County Auditor, where intersected by the Westerly line of Lake Boulevard; Thence on said line of Boulevard Northerly to a line parallel with and 106 feet North of said extended line of Lot 1, Block 7, and the true place of beginning for this description;

Thence, said extended line being considered an East and West line, East 55 feet;

Thence North 78°30' East 480 feet, more or less, to the Easterly line of said Block 6, at a point 15 feet Northerly of the Southeasterly corner of Lot 3 of said block;

Thence on said Block line Northerly 150 feet to the corner common to Lots 5 and 6 of said Block;

Thence South 65°35' West 540 feet, more or less, to the Southwesterly line of Lake Boulevard, at a point 16 feet Northerly of the true place of beginning;

Thence continuing South 65°35' West to the West line of Block A;

Thence Southeasterly on said West line to a point West of the True Place of Beginning; Thence East to the True Place of Beginning.

Situate in the City of Lakewood, County of Pierce and State of Washington.