Honorable Marc L. Barreca
Chapter 7
Hearing Date: March 18, 2015
Hearing Time: 1:00 p.m.
Hearing Place: Kitsap County Courthouse
614 Division St., Courtroom 104, Port Orchard, WA
Response Date: March 11, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CASEY R. INGELS,<br>                Debtor. | Case No. 14-10421-MLB |
| JOHN S. PETERSON, as Bankruptcy Trustee,<br>                Plaintiff,<br>vs.<br>CASEY R. INGELS,<br>                Defendant. | Adversary No. 14-01387-MLB<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT |

Casey R. Ingels, Defendant/Debtor, by and through counsel, J. Todd Tracy, Jamie J. McFarlane and The Tracy Law Group PLLC, replies to Plaintiff's Response to Defendant's Summary Judgment Motion as follows:

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 1

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 25    Filed 03/13/15    Ent. 03/13/15 18:04:37    Pg. 1 of 8

## I. Plaintiff's Failure to Provide Evidence That There is a Genuine Issue of Material Fact

Plaintiff cites to In re Willis, 243 B.R. 58, 63 (9th Cir. BAP 1999) for the proposition that the standard to determine materiality under 727(a)(4)(A), is "if the omission or misstatement detrimentally affects administration of the estate." In re Willis, 243 B.R. 58 at 63.

In his response, Plaintiff has failed to provide any evidence supporting his contention that there are issues of material fact that would preclude the granting of Defendant's Motion for Summary Judgment. Plaintiff has failed to provide any evidence showing an issue of material fact as to whether the administration of the bankruptcy estate in the underlying case has been detrimentally affected by the alleged misstatements and omissions proffered in the Plaintiff's Complaint. While Plaintiff has failed to show any detriment to the administration of the estate, assuming *arguendo* that estate was detrimentally affected by the purported misstatements and omissions, any detriment to the administration of the estate is a result of the Trustee's failure to perform his due diligence, not the Debtor's statements at the 341 Meeting as alleged in Plaintiff's Complaint.

### A. The Defendant Amended his Bankruptcy Schedules and Statement of Financial Affairs Months Before the Deadline to Object

In addition to the Debtor's clarifying disclosures regarding the Irrevocable Trust at the Meeting of Creditors, the Debtor amended his bankruptcy schedules on April 18, 2014, well before the deadline to object the Debtor's discharge passed.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 2

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 25    Filed 03/13/15    Ent. 03/13/15 18:04:37    Pg. 2 of 8

Plaintiff's Response completely ignores the amendments to the Debtor's Schedules filed on April 18, 2014, disclosing the MJ Ray Ingels Irrevocable Trust and the Debtor's liability owed to the creditor holding a secured claim against the Dekoven Property owned by the MJ Ray Ingels Irrevocable Trust. See Declaration of Casey Ingels in Support of Reply. Also, the Debtor amended his Statement of Financial Affairs on May 14, 2014, to show his independent contractor income after he first received his 1099 statements for those years. See Declaration of Casey Ingels in Support of Reply. The Debtor provided his tax returns to the trustee prior to the expiration of the deadline to object under Section 727 as well.

The aforementioned amendments were made in the bankruptcy case prior to the deadline to object to the Debtor's discharge on September 30, 2014. These amendments provided the information necessary for the Plaintiff to investigate according to his duties as a Chapter 7 Trustee.

B. The Plaintiff Received Multiple Extensions of the Deadline to Object

In an effort to give the Chapter 7 Trustee additional time to investigate, the Chapter 7 Trustee received multiple extensions from the Court to object to the Debtor's receipt of a discharge.

The Chapter 7 Trustee filed his Complaint for Order Denying Discharge on September 29, 2014. The original deadline for filing a complaint was May 12, 2014. The Trustee sought and the Court granted an extension of this deadline to July 30, 2014, in order for the Trustee to do additional investigation of possible claims. On July 30, 2014, the Trustee sought an additional extension to September 30, 2014, again, on the basis that he

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

needed additional time to investigate. The Trustee and Debtor agreed that the deadline would be extended to September 30, 2014. On the day before the expiration of the twice-extended deadline, the Plaintiff filed a three-page bare-bones complaint objecting to the Debtor's discharge based on the Debtor's testimony at the 341 meeting.

C. <u>The Trustee Ignores Adequate Information to Investigate the Dekoven Property and the Promissory Note.</u>

In his Response, Plaintiff declares under oath that the first time he received notice of the Debtor's liability on the promissory note tied to the Dekoven Property was in a declaration provided in the Summary Judgment Motion. In addition to the amendments filed on April 14, 2014 disclosing the Dekoven Property held by the Irrevocable Trust and the Debtor's testimony at the 341 Meeting, the Debtor's counsel in this adversary case provided the Plaintiff with a copy of the promissory note on December 12, 2014. <u>See Declaration of J. McFarlane in Support of Reply</u>. Plaintiff's failure to recognize the amendments made to Debtor's schedules, as well as Plaintiff's failure to recognize his prior receipt of the Devoken Property promissory note, at best, indicate a lack of effort on behalf of the Trustee.

D. <u>The Dekoven Property is Not an Asset of the Estate and There is no Equity Available from the Dekoven Property.</u>

Unfortunately for the Trustee, he was assigned a complex Chapter 7 case that is very likely to have no assets available for creditors. The real property that is the subject of the alleged false oath in Plaintiff's Complaint, 9830 Dekoven Dr. SW, Lakewood, Washington, has no equity available for unsecured creditors in Mr. Ingels' Chapter 7 bankruptcy case.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 4

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 25    Filed 03/13/15    Ent. 03/13/15 18:04:37    Pg. 4 of 8

The Dekoven Property is estimated to be worth $475,000.00 with secured debt against the Dekoven Property at the time of the bankruptcy filing in excess of $612,000.00.

More importantly, not only is there no equity in the Devoken Property, **the Dekoven Property is not an asset of the bankruptcy estate**. The Devoken Property was owned by the MJ Ray Ingels Family Irrevocable Trust that was established in 2009, more than four years prior to the Debtor's bankruptcy filing. Mr. Ingels has never had a beneficial interest in the Irrevocable Trust and he has never served as a Trustee of the Irrevocable Trust.

E. <u>The Debtor had No Duty to Disclose Payments Made by the Debtor on the Promissory Note That Were More Than Two Years Old</u>

Plaintiff claims that the interest-only payments made by the Defendant on the promissory note in question could potentially create an interest for the Debtor in the Dekoven Property. According to the Irrevocable Trust document attached to Ms. Yue's Declaration in Support of Summary Judgment, the Defendant cannot hold a beneficial interest in the Irrevocable Trust and the Defendant has no control of Irrevocable Trust and has never had control of the Irrevocable Trust. All of the interest-only payments the Defendant made on the underlying promissory note prior to the bankruptcy filing were made outside of the two year requisite disclosure window under Statement of Financial Affairs #10 regarding transfers. <u>See Declaration of C. Ingels in Support of Reply.</u> The first and only time the Defendant was asked about the interest-only payments on the promissory note came at the one-hour deposition of the Defendant in the adversary case.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 5

**THE TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 25    Filed 03/13/15    Ent. 03/13/15 18:04:37    Pg. 5 of 8

F. The Down Payment to Purchase the Dekoven Property was Made for The Benefit of The Irrevocable Trust and was Made More Than Four Years Prior to the Bankruptcy Case Filing.

The down payment provided by the Debtor to purchase the Irrevocable Trust's Dekoven Property was made more than four years prior to the bankruptcy filing. See Declaration of Casey Ingels in Support of Reply. The Defendant lost any interest in the down payment when the Dekoven Property was transferred from the Note Holders to the Irrevocable Trust created for the benefit of Defendant's young children.

Plaintiff claims that he could not investigate the potential of a fraudulent transfer due to the Debtor's lack of disclosure. However, any perceived lack of disclosure was remedied by the Debtor's clarifying remarks in the Meeting of Creditors and by the amendments to his bankruptcy schedules filed well before the deadline to object to his discharge.

G. The Debtor Has No Interest in MJB Consulting, LLC and Testified Truthfully at His 341 Meeting Regarding any Transfer of the Dekoven Property

Plaintiff's Complaint makes certain allegations regarding MJB Consulting, LLC, however, Mr. Ingels holds no interest in MJB Consulting, LLC. The Debtor has never held an interest in MJB Consulting, LLC, and the Debtor has never transferred property to MJB Consulting, LLC.

The Debtor testified truthfully at the Meeting of Creditors that he did not know what LLC the Dekoven Property was transferred to or when the Dekoven Property was transferred; Debtor was not involved in the transfer of the Dekoven Property cited by the Plaintiff. See Declaration of C. Ingels in Support of Reply.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 6

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 25    Filed 03/13/15    Ent. 03/13/15 18:04:37    Pg. 6 of 8

H. <u>The Defendant Has Made Significant Efforts to Ease the Plaintiff's Burden Before and After the Filing of the Plaintiff's Complaint.</u>

On more than ten occasions throughout this adverse proceeding, Defendant has offered to provide the Plaintiff with any documentation or information he needs to satisfy his inquiry. <u>See Declaration of Jamie McFarlane in Support of Reply.</u> All of these offers to ease the burden on the Plaintiff have fallen on deaf ears. The Plaintiff never submitted written discovery requests to the Defendant, and despite the passing of the deadline to serve written discovery on the Defendant, the Defendant still offered to provide any information the Plaintiff needed. <u>See Declaration of Jamie McFarlane in Support of Reply.</u>

Here, this case is ripe for summary judgment. There are no issues of material fact which preclude the granting of summary judgment and the Defendant should not be forced to continue to incur legal fees and costs because the Plaintiff did not review and investigate the amendments provided by the Defendant.

There is no doubt that this is a complex case and it is unfortunate that a Chapter 7 trustee is compensated so little to investigate a case like the Debtor's, but that does not release a Trustee from his duty to review amendments, review testimony at the 341 Meeting, and request information to complete an investigation of a debtor's case. If the Plaintiff would have taken the time to complete his investigation prior to filing his brief complaint, all parties would have been able to avoid the costs of this adversary proceeding.

Further, it is important to note that costs from this adversary proceeding are not part of the allegations made in the Plaintiff's Complaint. As such, any adversary costs incurred should not be considered in determining whether any statements at the 341 Meeting

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 7

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 25    Filed 03/13/15    Ent. 03/13/15 18:04:37    Pg. 7 of 8

detrimentally affected administration of the bankruptcy estate for purposes of determining whether the Debtor should be granted a discharge under the Plaintiff's 727(a)(4)(A) claim.

## II. CONCLUSION

There are no genuine issues of material fact regarding the Plaintiff's inability to satisfy the materiality element required to deny the Debtor's discharge under Section 727(a)(4)(A). The Dekoven Property, owned by the Irrevocable Trust in which Debtor holds no beneficial interest, was disclosed at the 341 Meeting after clarifying questions were asked by the Trustee. The Debtor amended his schedules to disclose the Dekoven Property held by the Irrevocable Trust and to disclose the liability on the promissory note in question. Both of these amendments were made well before the deadline to object to the Debtor's receipt of a discharge.

In order to ease any burden on the Trustee, the Debtor made significant effort to provide the Trustee with information regarding his case before and after the filing of this adversary case. Plaintiff has failed to submit any evidence that the bankruptcy estate was detrimentally affected by the statements made by the Debtor at the 341 Meeting in his Response. For these reasons, the Defendant's Motion for Summary Judgment should be granted.

DATED this 13th day of March 2015.

THE TRACY LAW GROUP PLLC

By  /s/ Jamie McFarlane
 Jamie J. McFarlane, WSBA #41320
Attorneys for Defendant Casey R. Ingels

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 8

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax