Honorable Marc. L. Barreca
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re<br><br>CASEY R. INGELS,<br>    Debtor.<br>_____<br>JOHN S. PETERSON, as Bankruptcy Trustee,<br>    Plaintiff,<br>vs.<br>CASEY R. INGELS,<br>    Defendant. | Case No. 14-10421-MLB<br><br><br><br><br>Adversary No. 14-01387-MLB<br><br>DEFENDANT'S PRETRIAL STATEMENT |

  Defendant Casey R. Ingels ("Defendant" and/or "Ingels"), by and through counsel of record, J. Todd Tracy, Jamie J. McFarlane and The Tracy Law Group PLLC, presents Plaintiff John Peterson ("Plaintiff" and/or "Peterson"), his Pretrial Statement pursuant to Local

DEFENDANT'S PRETRIAL STATEMENT- 1

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Bankruptcy Rule 7016-1(b) and this Court's February 23, 2015 Amended Notice Of Trial And Order Setting Deadlines and states as follows:[1]

## I. JURISDICTION

Plaintiff failed to file a Pretrial Statement; therefore, there are no jurisdictional issues that Plaintiff presented for Defendant to object to or change. Any tardily filed Pretrial Statement submitted by Plaintiff should be stricken.

Defendant adds the following statements regarding this Court's jurisdiction.

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. Venue is proper pursuant to 18 U.S.C. § 1409.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. ADMITTED FACTS

Plaintiff failed to file a Pretrial Statement; therefore, there are no admitted facts that Plaintiff presented which Defendant may object to or change. Any tardily filed Pretrial Statement submitted by Plaintiff should be stricken.

Defendant admits the following facts:

1. The Defendant filed a Chapter 7 bankruptcy petition on January 23, 2014.

2. The Defendant amended his bankruptcy schedules and related documents on January 24, 2014, and April 18, 2014.

---

[1] Counsel reserves the right to amend and/or add to this Pretrial Statement. Plaintiff's failure to comply with this Court's deadlines has made this caveat necessary.

DEFENDANT'S PRETRIAL STATEMENT- 2

**THE TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 2 of 11

3. On November 7, 2014, Defendant amended his bankruptcy schedules to make clear that Defendant has no interest in the MJ Ray Ingels Irrevocable Trust available for the bankruptcy estate.

### III. DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant will pursue the following defenses against Plaintiff at trial.

1. Failure to state a claim upon which relief can be granted;

2. Malicious prosecution.

### IV. DEFENDANT'S FACTUAL CONTENTIONS

Due to the failure of the Plaintiff to file a pretrial statement, there are no factual allegations to contend. Defendant reserves the right to incorporate additional facts.

1. Casey Ingels and his ex-wife, Gwendolyn Ingels, were divorced on June 8, 2009. They have two sons together.

2. Casey Ingels created the MJ Ray Ingels Irrevocable Trust ("Irrevocable Trust") for the benefit of his sons, and for the purpose of estate planning. After the Defendant's divorce, the Defendant needed to change his estate planning, as his ex-wife was listed as the sole beneficiary in his previous estate planning. Also, the couple agreed as part of their Decree of Dissolution to put real property into a trust for the benefit of their children.

3. On November 15, 2009, the Defendant created the Irrevocable Trust. Tricia Yue was named the Trustee of the Irrevocable Trust, and M. Ingels and J. Ingels, the Defendant's sons, were listed as beneficiaries of the Irrevocable Trust. Ms. Yue had a professional relationship with Mr. Ingels prior to agreeing to be Trustee of the Irrevocable

DEFENDANT'S PRETRIAL STATEMENT- 3

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 3 of 11

Trust. Mr. Ingels decided to use Tricia Yue as Trustee of the Irrevocable Trust based upon his experience with her in the legal field while she was working as a paralegal for Jack Connelly at the Law Offices of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim. Mr. Ingels met Ms. Yue while working as an attorney at the same firm. Based upon Ms. Yue's experience in real estate transfers, Mr. Ingels trusted her to properly transfer real property pursuant to the Divorce Decree.

4. As indicated in the Irrevocable Trust, the Grantor, Casey Ingels, declared pursuant to the Irrevocable Trust language that the Irrevocable Trust cannot be revoked at any time by the Grantor.

5. On December 3, 2009, by Special Warranty Deed, the Grantors of the Living Trust of James R. Paulson and Marijane L. Paulson ("Note Holders") conveyed the Dekoven Property to Tricia Yue, as Trustee of the Irrevocable Trust. Mr. Ingels had no previous connection with the Note Holders.

6. In exchange for the Special Warranty Deed on the Dekoven Property, the Trustee of the Irrevocable Trust, Ms. Yue, executed a Deed of Trust for the Note Holders, securing payment of $612,000.00 with interest due and payable in full on January 1, 2015, and Mr. Ingels contributed a down payment in the amount of $68,000.00. The underlying promissory note ("Promissory Note") required interest only payments until the due date of January 1, 2015, leaving the entire principal balance due and payable on January 1, 2015.

7. Mr. Ingels did not attend the closing of the Dekoven Property, nor did he sign any of the transfer documents, as he did not have any authority to do so, as he was not the Trustee of the Irrevocable Trust.

DEFENDANT'S PRETRIAL STATEMENT- 4

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 4 of 11

8. The total amount of secured debt owed against the Dekoven Property at the time of filing the underlying bankruptcy case was in excess of $612,000.00 due to the fact that no principal payment amount was made on the Promissory Note or required.

9. Addressing the other alleged property interest in the factual allegation made by the Plaintiff in the Complaint regarding MJB Consulting, in 2011, Kathryn Hanson created MJB Consulting, an Idaho Limited Liability Company. The Debtor has no ownership interest in MJB Consulting, LLC, and never has. He performed consulting and legal work for the firm as an independent contractor. Mr. Ingels received 1099 forms for all payments to him by MJB Consulting, LLC.

10. On January 23, 2014, the Defendant filed a personal Chapter 7 bankruptcy case in U.S. Bankruptcy Court, Western District of Washington. The Defendant declared that he was not a consumer debtor under the Bankruptcy Code at the time of filing. The Defendant did not list the Dekoven Property as an asset on Schedule A, Real Property, because it belonged to the Irrevocable Trust, and he was not a beneficiary of the Irrevocable Trust that was created in 2009.

11. The 341 Meeting was held on March 11, 2014. The Defendant answered the Trustee's questions truthfully and to the best of his ability. The Plaintiff asked Mr. Ingels whether any assets were transferred into the Irrevocable Trust. The Defendant said "no." Mr. Ingels' believed that the Trustee was asking whether he had transferred property of the bankruptcy estate to the Irrevocable Trust. Mr. Ingels answer was "no," because he never held title to the Dekoven Property, and he never transferred any property of the bankruptcy

DEFENDANT'S PRETRIAL STATEMENT- 5

**THE TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 5 of 11

estate to the Irrevocable Trust. The Dekoven Property was conveyed by the Note Holders to the Irrevocable Trust by Special Warranty Deed.

During the Debtor's 341 Meeting, the Trustee then stated that Mr. Ingels transferred the Dekoven Property to the Irrevocable Trust. The Debtor then clarified that he "misspoke then," as he had a different understanding of the term "asset" at the Meeting of Creditors. In addition, at the time of the Meeting of Creditors, the Defendant answered the question whether assets were transferred to the Irrevocable Trust with "no" because he did not believe that underwater real property was an "asset" of the Irrevocable Trust because it lacked any equity available for the Irrevocable Trust.

12. At the time of the bankruptcy filing, the Dekoven Property had a taxed assessed value of $505,300.00 and an amount owing of at least $612,000.00.

13. At the Meeting of Creditors, the Trustee inquired about a transfer of the Dekoven Property to MJB Consluting, LLC. Six months after the Meeting of Creditors, Mr. Ingels learned that the Dekoven Property had been transferred via a Quitclaim Deed from the Irrevocable Trust to MJB Consulting, LLC, owned by Kathryn Hanson, on September 4, 2013. The Dekoven Property was transferred so that Kathryn Hanson, who started living in the Dekoven Property, could get some potential benefit from making the payments that the Irrevocable Trust was not making. Subsequently, Ms. Hanson transferred the Dekoven Property back to the Irrevocable Trust when the she realized that she would not be able to meet the due date for payment in full on the Promissory Note due to a lack of equity in the Dekoven Property.

DEFENDANT'S PRETRIAL STATEMENT- 6

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 6 of 11

14.     Mr. Ingels had performed legal and consulting services for MJB Consulting, LLC, as an independent contractor.

15.     Throughout the Meeting of Creditors, the Plaintiff and Defendant found it difficult to communicate with each other.  Listening to the recording of the hearing reinforced this impression held by the Defendant.

16.     Defendant did not knowingly and/or fraudulently make a false oath or account in connection with his bankruptcy schedules.

17.     Plaintiff has failed to meet her burden of proof under 11 U.S.C. 727(a)(4)(A). Accordingly, Plaintiff's Complaint should be dismissed with prejudice and Debtor should expeditiously be granted a discharge.

### IV.     STATEMENT OF ISSUES OF LAW

Plaintiff failed to file a Pretrial Statement; therefore, Plaintiff presented no issues of law which Defendant may object to or change. Any tardily filed Pretrial Statement submitted by Plaintiff should be stricken.

Defendant asserts the following statement of issue of law.

1.     Should Plaintiff's Complaint be dismissed for failure to comply with this Court's Amended Scheduling Order and the Federal Rules of Bankruptcy Procedure?

2.     Should Defendant be denied a discharge pursuant to 11 U.S.C. § 727(a)(4) where Debtor did not knowingly and/or fraudulently make a false oath or account relating to statements made by the Debtor at the 341 Meeting "about the funding of the MJ Ray Ingels Family Irrevocable Trust, property at 9830 Dekoven Dr. SW, Lakewood, Washington,

DEFENDANT'S PRETRIAL STATEMENT- 7

THE **TRACY LAW GROUP**<sub>PLLC</sub>
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 7 of 11

transfers of the property to and from the trust and to MJB Conulting, LLC, and his knowledge of MJB Consulting, LLC?"

## V. DEFENDANT'S WITNESSES

Plaintiff failed to file a Pretrial Statement. Plaintiff should be barred from calling any witnesses at trial. Plaintiff should be barred from testifying as a witness pursuant to RPC 3.7. There would be significant prejudice to the Defendant due to the fact that testimony and advocacy will be blended together as a result of the Plaintiff providing testimony while acting as an attorney on his own behalf.

Defendant will not present any expert witness testimony. The names and addresses of Defendant's witnesses to be used at trial are as follows:

1. Name: Casey R. Ingels
    Address: c/o The Tracy Law Gourp PLLC, 720 Olive Way, Suite 1000, Seattle, WA 98101
    Telephone #: 206-624-9894
    Status: Expect to present
    Nature of Testimony: Defending against claim brought by Plaintiff

2. Name: Tricia Yue
    Address: 6623 49th Court West, University Place, WA 98467
    Status: Expect to present
    Nature of Testimony: Formation and oversight of MJ Ray Ingels Irrevocable Trust.

3. Name: Gwen Ingels
    Address: 12020 Nyanza Road SW, Lakewood, WA 98499
    Status: Will call if need arises
    Nature of Testimony: Formation of MJ Ray Ingels Irrevocable Trust and related matters

4. Name: Kathryn Hanson
    Address: c/o Mark Ellingsen, 608 Northwest Blvd. #300, CDA, Idaho, 83814.
    Telephone #: 208-667-4000

DEFENDANT'S PRETRIAL STATEMENT- 8

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 8 of 11

Status: Will call if need arises
Nature of Testimony: Information about business relationship with Debtor

## VI. EXHIBITS

Plaintiff failed to file a Pretrial Statement and did not identify any Exhibits to be proferred. Plaintiff should be barred from seeking the admission of any exhibits at trial, as Defendant has had no chance to review the exhibits for objection to in his pretrial statement.

Defendant intends to seek the admission of the following Exhibits and reserves the right to admit additional exhibits if Plaintiff is allowed to offer any evidence:

| Exhibit | Description | Source | Status |
|---|---|---|---|
| P-1 | Copies of Debtor's bankruptcy petition and related documents and amendments to the same | Casey R. Ingels | Expect to offer |
| P-2 | Copies of MJ Ray Ingels Irrevocable Trust | Casey R. Ingels and/or Tricia Yue | Expect to offer |
| P-3 | Copy of Deed of Trust related to Dekoven Property signed by Tricia Yue, trustee of MJ Ray Ingels Irrevocable Trust | Casey R. Ingels and/or Tricia Yue | Expect to offer |
| P-4 | Copy of Decree of Dissolution – Lincoln County Superior Court – Case #09-3-00283-0 | Casey R. Ingels and/or Gwen Ingels | Expect to offer |
| P-5 | Copy of Special Warranty Deed conveying Dekoven Property to Tricia Yue, | Tricia Yue | Expect to offer |

DEFENDANT'S PRETRIAL STATEMENT- 9

THE **TRACY LAW GROUP**PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 9 of 11

| | | | |
|---|---|---|---|
| | as Trustee of MJ Ray Ingels Irrevocable Trust | | |
| P-6 | Copy of Quitclaim Deed signed by Tricia Yue, as Trustee of Irrevocable Trust, Transferring Dekoven Property to Living Trust of J. Paulson and M. Paulson on December 18, 2014 | Tricia Yue | Expect to offer |
| P-7 | Copy of Deed in Lieu of Foreclosure for Dekoven Property | Tricia Yue | Expect to offer |
| P-8 | Plaintiff's Answers to Defendant's First Interrogatories and Requests for Production | John Peterson | Offer if need arises |
| P-9 | Plaintiff's Response to Defendant's Motion for Summary Judgment | John Peterson | Will offer if need arises |
| P-10 | Plaintiff's Initial Disclosures | John Peterson | Will offer if need arises |

| | | | |
|---|---|---|---|
| P-11 | Plaintiff's Declaration in Support of Plaintiff's Response to Motion for Summary Judgment | John Peterson | Will offer if need arises |

DEFENDANT'S PRETRIAL STATEMENT- 10

THE **TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 10 of 11

DATED this 18th day of May 2015.

THE TRACY LAW GROUP PLLC

By  /s/ Jamie J. McFarlane
    J. Todd Tracy, WSBA #17342
    Jamie J. McFarlane, WSBA #41320
Attorneys for Defendant Casey R. Ingels

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax
www.thetracylawgroup.com

Case 14-01387-CMA    Doc 31    Filed 05/18/15    Ent. 05/18/15 16:14:37    Pg. 11 of 11