UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re | Case No. 14-10421-MLB |
| CASEY R. INGELS, | |
| Debtor. | |
| | |
| JOHN S. PETERSON, as Bankruptcy Trustee, | Adversary No. 14-01387-MLB |
| Plaintiff, | |
| vs. | AMENDED MOTION IN LIMINE |
| CASEY R. INGELS, | |
| Defendant. | |

Casey R. Ingels ("Debtor" and/or "Defendant), by and through his undersigned

attorneys, J. Todd Tracy, Jamie McFarlane, and The Tracy Law Group PLLC, files this

Amended Motion *in Limine*.

The matter set for trial commencing on June 8, 2015 is an objection to the Debtor's

discharge pursuant to 11 U.S.C. §727(a)(4). As set forth in the Plaintiff's Prehearing

Statement, the only issue is whether the Defendant Ingels made a knowing and fraudulent

statement under oath at the 341 meeting regarding the funding of the MJ Ray Ingels Family

AMENDED MOTION IN LIMINE - 1

**THE TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Irrevocable Trust, certain property at 9830 Dekoven, Lakewood, Washington, transfers of that property to and from the Trust and to MJB Consulting LLC and/or his knowledge of MJB Consulting, LLC.

This case presents the awkward situation where the Trustee is, in effect, representing himself, *pro se*, but is also an attorney who will also be advocating the facts that he testifies to. The Trustee did not retain an attorney to represent him in this Proceeding.

According to the Plaintiff's pretrial statement and the proposed pretrial order, the Trustee intends to testify as a fact witness.

### THE COURT SHOULD LIMIT THE SCOPE OF THE TRUSTEE'S TESTIMONY IN ACCORDANCE WITH RPC 3.7(a)

The Debtor filed his Chapter 7 petition on January 23, 2014. After receiving two extensions of the deadline to object to the Debtor's Discharge, the Trustee filed the present adversary complaint on September 29, 2014. Trial was initially set for April 20, 2015 and was continued to June 8, 2015 at the request of the Trustee. The Debtor has been waiting almost seventeen months to get this matter resolved. He is entitled to an expeditious resolution of this Proceeding.

Because of the long time in reaching resolution of this case, the Debtor wants to be clear that he is not seeking any continuances of this trial. The Debtor also wants to be clear that he is not seeking any type of disqualification. But given the unusual situation where the Trustee is acting both as an attorney and a witness, practical and procedural issues abound and the Debtor is entitled to understand how the trial is going to proceed.

AMENDED MOTION IN LIMINE - 2

**THE TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

Case 14-01387-CMA    Doc 39    Filed 06/02/15    Ent. 06/02/15 14:03:04    Pg. 2 of 8

Washington Rule of Professional Conduct Rule 3.7 provides in part that:

**(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness** unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) disqualification of the lawyer would work substantial hardship on the client; or

(4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

*RPC 3.7* (emphasis added).

While the Debtor is not seeking disqualification, Washington Courts have recognized the challenging issues presented when an attorney is also acting as a fact witness. *State v. Schmitt*, 124 Wn. App. 662, *6 (Wash. Ct. App. 2004). (Disqualification is justified where the attorney will act as a witness trying to persuade the court as to a particular set of factual events, and also as an advocate for the same set of factual events).

Comment 2 to RPC 3.7 goes on to discuss this principle:

"[2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."

The last statement of the Official Comment points out the real issues in this situation. In the circumstances where the witness acts as both attorney and witness, there is

AMENDED MOTION IN LIMINE - 3

**THE TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

no question and answer testimony for the Court, only personal narrative. The opposing party is prejudiced in such a situation. For example, if Defendant objects to certain testimony proffered by Trustee, in his capacity as Trustee, the Trustee must then put on his "attorney hat" and advocate against the objection. That is precisely the type of confusion and situation that Rule 3.7 is designed to prevent.

Even if the Court were to treat the Trustee as a *pro se* plaintiff, the Court should not grant the usual leeway that Courts typically grant to such plaintiffs. The Plaintiff in this case is also an experienced attorney who knows and understands the civil rules, the evidentiary rules and the procedures utilized by this Court, and who should have realized the inherent conflict he was creating by acting concurrently as attorney and fact witness.

Therefore, the Court should require the Trustee to clarify when he is testifying as opposed to when he is advocating or analyzing the facts to which he just testified. Furthermore, the Court should restrict any personal testimony to only those uncontested facts. *RPC 3.7(a)(1)*. The Court should further restrict any personal testimony to facts which would be unattainable from any other source. *American States Insurance Co. v. Nammathao*, 153 Wn. App. 461 220 P.3d 1283 (2009).

## THE TRIAL SHOULD BE LIMITED TO THE ITEMS SET FORTH IN PLAINTIFF'S COMPLAINT AND PRETRIAL STATEMENT

Rule 9(b) of the Federal Rules of Civil Procedure (the "Rules" or "Civil Rules"), made applicable by Bankruptcy Rule 7009, provides; "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Because claims based on fraud pose "a high risk of abusive litigation," *Twombly v. Iqbal*, 550 U.S. at

AMENDED MOTION IN LIMINE - 4

**THE TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

569 n. 14 (2007), a party making such allegations "must state with particularity the circumstances constituting fraud or mistake." *Fed.R.Civ.P. 9(b)*. This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)(citations omitted). *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("'The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity.").

Rule 9(b) applies to allegations of actual fraud and 11 U.S.C. § 727(a)(4) actions require a showing of actual fraud; therefore, these allegations must be pled with particularity. *Burton Food Servs. v. Aseireh*, 526 B.R. 246 (Bankr. N.D. Ohio 2015).[1]

In Plaintiff's Trial Brief, he makes several allegations that were not pled at all in Plaintiff's Complaint or Prehearing Statement, much less pled with particularity. These allegations should be stricken from the record and trial should be limited to those allegations that Plaintiff pled with sufficient particularity in his Complaint. The factual background supporting this contention is as follows:

---

[1] *Burton Food Servs.* dealt with the heightened pleading requirement under Rule 9(b) in the context of a Rule 12(b)(6) motion to dismiss. While Defendant Ingels is only asking the Court to limit the scope of the trial to the factual allegations stated in Plaintiff's Complaint and Prehearing Statement, Defendant Ingels also contends that the allegations of fraud contained in Plaintiff's Complaint were not pled with sufficient specificity to survive a motion to dismiss required under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and therefore, those fact not sufficiently pled in Plaintiff's threadbare Complaint, and now only brought up one week before trial, should not be allowed to be introduced at trial.

AMENDED MOTION IN LIMINE - 5

THE **TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

On September 29, 2014 Plaintiff filed a Complaint For Order Denying Discharge (the "Complaint"), initiating the present adversary proceeding. *Docket #1.* In his Complaint, the Plaintiff alleges that Defendant Ingels should be denied a discharge pursuant to 11 U.S.C. §727(a)(4)(A), due to purported material misstatements that Debtor made in his 11 U.S.C. § 341 meeting regarding: (1) the funding of the MJ Ray Ingels Family Irrevocable Trust (the "Trust"); (2) property at 9830 Dekoven Dr. SW, Lakewood, WA; (3) transfers of "the property" [undefined in Plaintiff's Complaint but assumedly referring to the 9830 Dekoven Property] to and from the trust to MJB Consulting, LLC; and (4)Plaintiff's knowledge of MJB Consulting, LLC. *See Id. at ¶8.*

Plaintiff filed his Prehearing Statement on May 19, 2015. *Docket #32.* In Plaintiff's Prehearing Statement, Plaintiff restates the allegations contained in his complaint verbatim. Plaintiff alleges that Defendant Ingels should be denied a discharge pursuant to 11 U.S.C. §727(a)(4)(A), due to purported material misstatements that Debtor made in his 11 U.S.C. § 341 meeting regarding: (1) the funding of the MJ Ray Ingels Family Irrevocable Trust (the "Trust"); (2) property at 9830 Dekoven Dr. SW, Lakewood, WA; (3) transfers of "the property" [undefined in Plaintiff's Complaint but assumedly referring to the 9830 Dekoven Property] to and from the trust to MJB Consulting, LLC; and (4)Plaintiff's knowledge of MJB Consulting, LLC. *See Id. at Section IV. 'Issues of Law'.*

Plaintiff timely filed his Trial Brief on June 1, 2015, just one week before trial. *Docket #37.* In Plaintiff's Trial Brief, Plaintiff sets forth new allegations that were not plead at all in his Complaint or Prehearing Statement, much less pled with particularity. For example:

AMENDED MOTION IN LIMINE - 6

THE **TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

- Plaintiff alleges, for the first time in his Trial Brief, impropriety regarding Defendant Ingels' disclosure of the details of his relationship with Katherine Hanson.

- Plaintiff alleges, for the first time in his Trial Brief, that Defendant Ingels did not disclose income that he received from Grey Ghost LLC.

- Plaintiff alleges, for the first time in his Trial Brief, that Defendant Ingels improperly transferred assets to Ms. Hanson or entities controlled by Ms. Hanson.

- Plaintiff alleges, for the first time in his Trial Brief, that Gwendolyn Ingels improperly transferred a motor vehicle, but completely fails to allege Defendant Ingels involvement in said alleged transfers.

As stated above, not only were the aforementioned allegations not pled with specificity in Plaintiff's Complaint or Prehearing Statement, they were not pled at all until this extremely late juncture. Plaintiff is now attempting to supplement his deficient Complaint and sandbag Defendant Ingels with new allegations just a week before trial. Defendant Ingels has not had a chance to prepare to address these last-minute allegations and trial is less than a week away. The pleading requirements of Rule 9(b) serve to ensure that a Defendant is put on notice of the wrong-doings that he or she is accused of and so that a Defendant may respond in kind. A failure to do so is a deprivation of the Defendant's right to due process and fair notice of what he or she is being accused of.

Applying this same logic, courts have held that arguments and allegations made for the first time in reply are deemed waived, and courts bar the introduction of such tardily-raised allegations and arguments. *See Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006), *citing United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000) (striking new evidence and arguments presented in reply that should have been addressed in opening brief); *Am. Drug Stores, Inc. v. Stroh*, 10 Cal. App. 4th 1446, 1453 (Cal. Ct. App.

AMENDED MOTION IN LIMINE - 7

THE **TRACY LAW GROUP** PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax

1992)("Points raised for the first time in a reply brief will ordinarily not be considered because such consideration would deprive the respondent of an opportunity to counter the argument.").

WHEREFORE, Defendant Casey Ingels prays that the Court exclude personal testimony of John Peterson except as permitted by RPC 3.7(a), and limit the scope of trial to those allegations sufficiently pled in Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 2nd day of June, 2015.

THE TRACY LAW GROUP PLLC


By    /s/ Jamie McFarlane
          J. Todd Tracy, WSBA #17342
          Jamie J. McFarlane, WSBA #41320
Attorneys for Defendant Casey R. Ingels




## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2015, I caused a copy of the foregoing to be served via CM/ECF on the following parties:

kingstontrustee@hotmail.com

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 2nd day of June, 2015, at Seattle, Washington.


          /s/ Jamie McFarlane
Jamie McFarlane


AMENDED MOTION IN LIMINE - 8

THE TRACY LAW GROUP PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101
206-624-9894 phone / 206-624-8598 fax