**UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| IN RE:<br><br>CASEY INGELS,<br>   Debtor. | NO. 14-10421 |
| JOHN S. PETERSON, AS TRUSTEE,<br>   Plaintiff,<br>v.<br>CASEY INGELS,<br>   Defendant. | ADV. NO. 14-01387<br><br>PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S MOTION IN LIMINE |

JOHN S.L PETERSON, as Trustee, Plaintiff herein, responds to Defendant's Motion in Limine as follows:

DISQUALIFICATION OF TRUSTEE AS WITNESS BECAUSE OF RPC 3.7.

It should be noted, this curious objection is raised in the 11th hour of this litigation (actually, more like 11:55) despite the fact that the Trustee was listed as one of two witnesses the Trustee intended to call as early as December 15, 2014, when Plaintiff's Initial Disclosure Statement was provided to Defendant's attorney.

I am appearing in this action in my representative capacity as Trustee, not as an individual. As a trustee, I am a pro se litigant. I appear as a pro se litigant not by choice but by

Response
Page 1

JOHN S. PETERSON
Attorney at Law
PO Box 829
Kingston, WA 98346
(360) 626-4392

circumstance.  In my 28 years as a bankruptcy trustee, my preference has always been to have an attorney represent me as trustee and the bankruptcy estate in litigation.  I take to heart the maxim about " the individual who represents himself having a fool for a client".  Nonetheless, cases arise where the finances of the bankruptcy estate dictate that litigation be commenced without the assistance of another attorney.  Discharge actions, like this one, frequently fall in this category.  By statute, I have a duty to "where advisable, oppose the discharge of the debtor", 11 USC 704(a)(6).  While I wish the statute read "where advisable, and not financially detrimental to the trustee", it does not, and for that reason I have filed complaints objecting to the debtor's discharge even though the financial posture of the case does not allow for the hiring of another attorney to pursue the matter.   Such is the present case.

In addition to the statutory duty to oppose the discharge of the debtor where advisable, I note a further statutory provision which contemplates the situation of the trustee as both party to litigation and attorney handling the litigation.  11 USC 327(d) specifically allows the Court to authorize the employment of the trustee and/or the trustee's law firm as an attorney for the estate. (Given the financial condition of the estate, I have not applied to the Court for an order approving my employment as attorney…if requested, I will do so)

The testimony I will be providing will be fairly limited.  I will be testifying to the questions asked Mr. Ingels and his responses to those answers.  That information will also be provided by the playing of the recording of the 341 meeting, though Defendant has advised me they the Defendant will object to the admission of the 341 meeting recording.  I will also be

Response
Page 2

JOHN S. PETERSON
Attorney at Law
PO Box 829
Kingston, WA  98346
(360) 626-4392

testifying to the consequences of the Defendant's answers and their impact on the impact on my administration of this case.

The reasons given for RPC 3.7 in the comment to RPC 3.7 cited by Defendant do not appear applicable here. The Court, unlike a jury, is unlikely to be "misled or confused by a lawyer serving as advocate and witness". It should be fairly obvious whether a statement made by me relates to "a matter of proof or an analysis of the proof". Generally, statements of proof will be provided by me during direct examination and on cross-examination. Analysis of proof will generally occur during closing argument. I plan on preparing my own direct testimony in a question and answer format which will allow the Defendant's counsel to interject objections to form or content as he deems appropriate.

Defendant cites State v. Schmitt, 124 Wn. App. 662 (2004), but does not cite the controlling authority to which it refers, Public Utility Dist. No. 1 of Klickitat County v. International Ins. Co., 881 P.2d 1020, 124 Wn.2d 789 (Wash. 1994). It provides: "When interpreting these provisions (referring to RPC 3.7), courts have been reluctant to disqualify an attorney absent compelling circumstances. See Smithson v. United States Fid. & Guar. Co., 186 W.Va. 195, 199, 411 S.E.2d 850 (1991); Cottonwood Estates, Inc. v. Paradise Builders, Inc., 128 Ariz. 99, 105-06, 624 P.2d 296 (1981).When an attorney is to be called ..., a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client."

Response
Page 3

JOHN S. PETERSON
Attorney at Law
PO Box 829
Kingston, WA 98346
(360) 626-4392

There, a defendant's 11th hour motion to disqualify plaintiff's attorney was disallowed.

This situation is not one calling for disqualification and the Defendant's motion should be denied.

LIMITATION OF TRIAL TO ISSUES SPECIFICALLY PLEAD

The second argument appears for the first time Defendant's amended motion in limine, filed after the June 1 date set set in the pretrial order for motions in limine to be filed. The Defendant argues that a number of the "false oaths" are raised for the first time in Plaintiff's Trial Brief which was filed on June 1. Specifically, the Defendant argues that 4 "bullet pointed" allegations were raised for the 1st time in the June 1 Trial Brief.

It should be known that the last 2 allegations mentioned (transfer of assets to Ms. Hanson and transfer of vehicle to Ms. Hanson by Gwen Ingels) are not, in fact being made by Plaintiff in this action. Rather, the Plaintiff is alleging that Defendant made a false oath related to the transfer of property from the MJ Ray Ingels trust and omitted important facts about his relationship with Ms. Hanson…both relate to the statement made about the transfers, not the transfers themselves.

Also, the omissions or mis-statements which Defendant wishes to limit did not first appear in Plaintiff's Trial Brief. In fact, the statements and omissions listed in the trial brief are pretty much verbatim the statements and omissions listed in Plaintiff's Response to the Defendant's Motion for Summary Judgment (Docket No. 24 ), filed March 11, 2015. As of March 11, 2015, Defendant should have known about each of these factual allegations and

Response
Page 4

JOHN S. PETERSON
Attorney at Law
PO Box 829
Kingston, WA 98346
(360) 626-4392

therefore Defendant is not prejudiced by trial proceeding on these allegations.

Also, Defendant mis-states Plaintiff's original complaint.  The allegation contained in the complaint is:

"8.  During the examination, the debtor knowingly and fraudulently gave a false oath or account.  <u>Without limitation</u> (emphasis added), the debtor/defendant made material mis-statements in the examination about the funding of the MJ Ray Ingels Family Irrevocable Trust, property at 9830 Dekoven Dr. SW, Lakewood, Washington, transfers of the property to and from the trust and to MJB Consulting, LLC, and his knowledge of MJB Consulting, LLC."

The defendant leaves the underlined language out his motion in limine.

Nonetheless, the Defendant makes a valid point that Plaintiff's initial pleadings are in-artful and that allegations of fraud must be pled with particularity.  However, the remedy suggested by the Defendant, is not consistent with 9th Circuit law on the issue.  As noted in <u>Yadidi v. Herzlich</u> (<u>In re Yadidi</u>), 274 BR 843, 849 (9th Cir. BAP 2002) in considering the requirement of particularity in pleading a 727(a)(4) allegation:

"Pleading in federal practice is no longer a game of skill in which one misstep by counsel can be fatal. *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The key concept is notice.  Clarification, greater particularity, and other refinements in pleadings are accomplished through a combination of motions, discovery, pretrial orders, and liberal toleration of amendments. Conley, 355 U.S. at 48 n. 9, 78 S.Ct. 99; *Bodine Produce, Inc. v. United Farm Workers Org.Comm.,* 494 F.2d 541, 556 (9th Cir.1974); 2 MOORE'S § 8.10[2]; 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED.PRAC. & PROC.2D § 1491 (1990) (Rule 15(b)"intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel").  Thus, a defective complaint is not subject to dismissal with prejudice, i.e. without opportunity

Response
Page 5

JOHN S. PETERSON
Attorney at Law
PO Box 829
Kingston, WA  98346
(360) 626-4392

to amend or replead, unless either it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations or multiple repleadings have not cured the defects. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178-80 (9th Cir.1996); <u>Bodine Produce</u>, 494 F.2d at 556. These requirements of liberal construction and of notice pleading, subject to liberal amendment and clarification during the pretrial phase, apply equally in bankruptcy as in general federal civil practice. Dominguez, 51 F.3d at 1508; *Semel v. Dill (In re Dill),* 731 F.2d 629, 631 (9thCir.1984)".

See also, <u>In re Vanshoiak</u>, 356 BR 56 (Banktcy D Idaho 2006).

Thus the remedy of not allowing the Plaintiff to present certain factual allegations is not the appropriate remedy absent Plaintiff first being given an opportunity to amend the complaint. It is requested that Plaintiff be allowed to do so here, and the Plaintiff be allowed to proceed on the issues raised, if appropriately pled after amendment.

I state under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2015.

                                            /s/ John S. Peterson
                                            JOHN S. PETERSON

Response
Page 6

JOHN S. PETERSON
Attorney at Law
PO Box 829
Kingston, WA 98346
(360) 626-4392